93 So.2d 112 (1957)
The CLEVELAND TRUST COMPANY, an Ohio corporation, Appellant,
v.
Athene S. FOSTER and Jack Wentz, Appellees.
Supreme Court of Florida, Special Division A.
January 23, 1957.
Rehearing Denied March 5, 1957.
Harold Ungerleider and Arthur Winton, Miami Beach, for appellant.
Worley, Gautier & Dawes and John H. Patterson, Miami, for Athene S. Foster; John M. Murrell, Jr., Miami, for Jack Wentz, appellees.
HOBSON, Acting Chief Justice.
This is an appeal by the plaintiff from a summary final decree of the circuit court, dismissing the complaint.
On January 19, 1954, plaintiff-appellant, the Cleveland Trust Company, filed an action at law seeking recovery of a money judgment against appellee Foster. This suit was upon an Ohio judgment, held by the Cleveland Trust Company against Foster, which had remained unpaid. At the time of service of process upon Foster in *113 the suit, the title to certain real estate in Dade County was shown on the public records thereof to be in Foster. On January 28, 1954, a deed was filed of record in Dade County conveying title to the property to appellee Wentz. There was no consideration for this transfer.
The lawsuit of the Cleveland Trust Company resulted in a judgment for that company, which has been affirmed by this court. Foster v. Cleveland Trust Co., Fla., 90 So.2d 464.
While the lawsuit was pending, plaintiff-appellant instituted the suit in equity which resulted in the summary final decree here appealed from, to set aside the conveyance to Wentz as a fraud upon plaintiff-appellant as Foster's creditor.
Depositions were taken, and affidavits filed. On the basis of the pleadings, depositions and affidavits, the plaintiff moved for a summary decree, contending that there was no genuine issue of material fact and that the conveyance from Foster to Wentz was fraudulent and void as a matter of law.
It is undisputed that appellees Foster and Wentz, both of whom are women, have been very close friends for more than 35 years and have resided together during that time. Each was familiar with the business affairs of the other, and appellee Wentz knew of the indebtedness from Foster to appellant which gave rise to the Ohio judgment. Appellee Foster was served in the law action on January 20, 1954. That evening, when Wentz returned home, Foster advised her of the service of process and they fully discussed the same. Within the next three days, as fast as they could take care of it, appellees consulted a close friend, who was a certified public accountant, about the matter, following which they consulted an attorney who prepared a deed conveying the property to Wentz. This deed was prepared and recorded eight days after Foster was served by the sheriff. Appellee Wentz does not remember seeing the deed or receiving it, or the circumstances regarding its execution. She admits that she gave no money for the deed and that there were no discussions as to the amount of money or the consideration. There were no other papers, such as a contract of sale or closing statement, relating to the transaction. Appellee Wentz frankly admitted that the purpose of the deed was to avoid the possibility of the property being sold under any judgment in favor of the Cleveland Trust Company against appellee Foster. Appellee Wentz further testified that she had executed a will in which she devised the property to Foster, to the exclusion of her own (Wentz') blood relatives.
The telephone listed for the property is and has always been in Foster's name. Foster has always paid the utility bills and utility deposits for the property. Income tax returns of the appellee Wentz filed by her from 1941 to 1954 show that her sole reported income consisted only of salaries from her employment. The property was leased for seasonal periods and produced some income. The income tax returns of Foster disclose that she filed such returns as the owner of the property, and reported the income received therefrom as her own income, taking deductions for interest, taxes, depreciation and other allowable items. Foster had sole charge of the property, received and deposited the income from it in her own bank account, and disbursed funds from her account for the payment of expenses in connection with the property. Homestead exemption was granted to Foster on this property every year from 1935 to 1954, inclusive. The last application for homestead exemption was filed by Foster on March 23, 1954, almost two months after her conveyance of the property to Wentz. In that homestead application, Foster represented that she was the owner of the property and resided thereon. Foster maintained complete insurance on the property, paid the premiums thereon, and continued to carry this insurance, even after the conveyance of the property to Wentz, *114 and in all of such policies Foster was named as assured.
Foster has no other property which could be levied upon to satisfy appellant's judgment.
Notwithstanding the deed of conveyance of January, 1954, Foster has continued in full use and possession of the premises in the same manner and to the same extent as that which existed prior to the conveyance.
It is interesting that 24 Am.Jur., Fraudulent Conveyances, Sec. 14, lists certain commonly recognized indicia or "badges" of fraud. The section reads in part as follows:
"The facts which are recognized indicia of fraud are numerous, the most important being the insolvency or indebtedness of the transferrer, lack of consideration for the conveyance, retention by the debtor of possession of the property, relationship between the transferrer and the transferee, the reservation of benefit to the transferrer, the pendency or threat of litigation, secrecy or concealment, and the transfer of the debtor's entire estate." [Citations omitted.]
It will be noted that every one of these indicia are present in the instant case, with the exception of secrecy or concealment, since the conveyance was recorded. Indeed, on the undisputed facts which we have outlined above this is a more classic case of fraudulent conveyance than confronted us in Temple Terrace Assets Co. v. Wason, 120 Fla. 638, 163 So. 72, wherein we held a conveyance to be null and void and directed that it be cancelled of record. Fraudulent conveyances are condemned in Florida by Chapter 726, Florida Statutes, F.S.A. The conveyance in the instant case on the above facts comes squarely within the provisions of F.S. Section 726.01, F.S.A. and should be cancelled of record.
In the trial court, defendants attempted, by filing affidavits in opposition to plaintiff's motion for summary decree, to show that the property was held by Foster subject to a resulting trust, of which Wentz was beneficiary. The affidavit of Foster was not served upon opposing counsel until the hearing on the motion for summary decree. Objection was made by counsel to the consideration of this affidavit, and this objection, of course, should have been sustained under the Rules. The motion of defendants for summary decree, which was granted, was made orally at the hearing and without any notice to the plaintiff. Rule 1.36(c), Florida Rules of Civil Procedure, 30 F.S.A., provides in part, in connection with a motion for summary judgment or decree:
"The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits * * *." [Emphasis added.]
We recently had occasion to emphasize the importance of scrupulously observing the notice requirements of the Rules in connection with motions for summary judgment or decree in Cook v. Navy Point, Inc., Fla., 88 So.2d 532. If these requirements are not fulfilled, both in letter and in spirit, the summary judgment procedure may become a vehicle of injustice rather than a salutary medium of reaching a swift but just result on a pure matter of law, as intended by the framers of the Rules. The situation confronting us here is to be distinguished from that which we considered in Roberts v. Braynon, Fla., 90 So.2d 623, opinion filed November 6, 1956, which involved a pre-trial conference.
We find it unnecessary to develop the procedural point further, however, because it is plain that in this case defendants did not provide enough evidence, either properly or improperly, to support the summary final decree in their favor, and the facts which we have stated earlier *115 in this opinion stand uncontroverted. The decree appealed from must therefore be reversed and the cause remanded with directions to set aside the conveyance of January 28, 1954 and to cancel such conveyance of record. This result places the parties in exactly the position they occupied before the unlawful transfer was made. If, on the other hand, appellee Wentz has an interest in the property involved in this litigation, she should not be deprived of her right to demonstrate and enforce such interest by appropriate proceedings. The judgment we have reached is therefore without prejudice to the right of appellee Wentz to bring or participate in this or any other appropriate proceedings as she may be advised, to demonstrate such interest as she may have in the subject property.
It is so ordered.
THORNAL and DREW, JJ., and BIRD, Associate Justice, concur.