135 So.2d 750 (1961)
Nathan SICILIANO, Appellant,
v.
Arthur HUNERBERG, Appellee.
No. 2319.
District Court of Appeal of Florida. Second District.
December 13, 1961.
*751 Howard P. Garman, Jr., Fort Lauderdale, for appellant.
Marvin M. Green, Miami Beach, for appellee.
ALLEN, Judge.
This appeal is from a summary final judgment in favor of the plaintiff below in an action based upon a promissory note with provision therein for an attorney's fee.
The note contained language to indicate a maturity date of July 1, 1960. There was also other language therein indicating that the note would not mature until property known as Gateway Apartments were sold.
On the motion for summary judgment and affidavits in support thereof, the trial judge construed the note as having a maturity date of July 1, 1960, and construed the following:
"In the event of a sale of the property known as Gateway Apartments, Inc., on or before the expiration date of this note, said note shall become due and payable."
as providing for an acceleration of the due date in the event the property mentioned therein was sold before the 1st of July, 1960.
The appellant complains of the refusal of the trial judge to consider affidavits in opposition to the motion for summary judgment although it is admitted that they were not filed prior to the hearing as required by the procedure rules.
We affirm the trial court as to granting a summary judgment on the note in question.
However, we must reverse the trial judge on his determination of a reasonable attorney's fee for the appellee. The record discloses that the following order was entered:
"This Cause was duly presented by counsel, after notice, and, upon consideration thereof, it is
"Ordered and Adjudged that:
"1. Motion for Summary Judgment is granted;
"2. The Plaintiff shall submit two Affidavits as to reasonable attorney's fees, together with a form of Final Judgment for entry by the Court ex parte and without notice."
Subsequently the appellee submitted affidavits of two Miami Beach attorneys that a reasonable attorney's fee would be $500. Based on the affidavits, the court entered final judgment in the sum of $3,000 as principal on the note and $500 as a reasonable attorney's fee.
The appellant, defendant below, had filed an answer denying various allegations of the complaint and assigned error in this court to the ex parte proceedings culminating in an award for an attorney's fee based on the two affidavits without appellant having *752 been afforded an opportunity to contest the attorney's fee awarded.
We hold that the lower court was in error in the procedure used in awarding the attorney's fee to the plaintiff-appellee without an adversary proceedings to which the appellant was entitled on this question.
We shall vacate the final judgment entered on the 10th day of November, 1960, but affirm the order granting the motion for summary judgment on the note. We direct the lower court to permit a trial on the issue as to the attorney's fee on the remand of this case.
SHANNON, C.J., and WHITE, J., concur.