**BARNETT NATIONAL BANK OF JACKSONVILLE v. SCOTT, et al.**
No. 61-106-L.

Civil Court of Record, Duval County.
February 21, 1962.

William L. Allen of Botts, Mahoney, Whitehead, Ramsaur & Hadlow, Jacksonville, for plaintiff.

Carlton L. Welch, Jacksonville, for defendants.

TYRIE A. BOYER, Judge.

A complaint was filed herein on September 22, 1961. To the complaint is attached a copy of a conditional sale contract signed by the defendant, C. M. Butler. Attached to the conditional sale contract is a promissory note (which however is not mentioned in the complaint and is therefore not the basis of this suit) which is also signed by the defendant Butler. Butler is designated in the conditional sale contract as "co-buyer," and in the promissory note as "co-maker".

The material allegations of the complaint simply allege that the plaintiff sold to the defendant, James Scott, Jr., a certain vehicle and that the defendants agreed to pay a certain price therefor in a certain manner and that the defendants are now in default. By virtue of the alleged default the plaintiff has declared the entire amount due and owing and claims reasonable attorney's fees from the defendants.

Service has been perfected against both defendants. The defendant Scott does not appear to have filed any pleadings in this cause, and default has been duly and regularly entered against him.

The defendant Butler filed an answer. Upon appropriate motion this court entered an order dated December 29, 1961, striking all of the answer except the first paragraph, which simply denies "each and severally the material allegations of said complaint". The court has this date, after again researching the applicable law, examined said answer and said order striking portions thereof and finds that said order was correctly entered. Said

order of December 29, 1961, allowed the defendants 10 days from date thereof within which to file and serve an amended answer. No amended answer was filed within the prescribed period of time.

On January 29, 1962, after the plaintiff had moved for a summary judgment, and after the court had entered an order allowing the defendants additional time within which to obtain, file and serve an affidavit, or affidavits, in opposition to motion for summary judgment, the defendant Butler, filed a motion for leave to file an amended answer, attaching thereto the tendered amended answer.

In the absence of error establishing a sufficient basis for vacating prior orders, this court deems itself as bound by its prior orders as are the litigants to the cause. No good reason has been shown for the failure to file an amended answer within the time prescribed by this court's order of December 29, 1961, accordingly, this court finds that it would be error to allow the tendered amended answer which was tendered long after the expiration of the time allowed by the court's order giving permission to file same.

On October 31, 1961, the plaintiff requested certain admissions in accordance with rule 1.30, 1954 F.R.C.P. Long after the expiration of the time within which said requests were to have been answered the defendant filed objections thereto. Rule 1.30(a) requires that when objections are filed that the filing be "together with a notice of hearing the objections at the earliest practicable time." No such notice was filed with said objections. The objections not having been timely filed and no notice having been filed therewith, both as required by the rule, each of the matters of which an admission was requested is deemed admitted. (See U.S. v. Kellert, 101 Fed. Supp. 698).

By the requests for admissions the genuineness of the conditional sale contract, and of the signature of the defendant Butler, affixed thereto, are both established. Said requests also establish that no payments have been made on said contract since July 11, 1961. Thus it would appear that the material allegations of the complaint have been established without issue. The affidavit attached to the plaintiff's first motion for summary judgment, which was filed herein on November 15, 1961, establishes that the adjusted outstanding balance due by virtue of said conditional sale contract is $916.01.

The court has examined the affidavit in opposition to motion for summary judgment filed by the defendant, and finds that it does not "set forth such facts as would be admissible in evidence",

as required by rule 1.36(e), 1954 F.R.C.P.. Perhaps a portion of the allegations of said affidavit would be admissible if the tendered amended answer had been timely filed.

This court does not purport to be ruling that a written contract may not be modified by a subsequent oral agreement. (See Professional Insurance Corporation v. Cahill, Supreme Court of Florida, 90 So.2d 916). The court's ruling is simply that the allegations set forth in the affidavit in opposition to motion for summary judgment are not admissible in evidence under the issues as made up by the complaint and the portion of the answer which was not stricken by this court's prior order.

It is apparent from the foregoing that the plaintiff's motion for summary judgment must be granted. The only remaining issue pertains to the matter of attorney's fees for the plaintiff's attorneys of record. The plaintiff has attached to its last motion for summary judgment an affidavit from an attorney licensed to practice law in the state of Florida that in his opinion a reasonable fee for the services of the plaintiff's attorneys in this cause would be $250. The affidavit does not affirmatively show that the affiant has inspected either the court file or the plaintiff's file, nor does it show that the affiant in any wise is familiar with the instant case. There is some question in the court's mind whether that affidavit complies with rule 1.36(e), 1954 F.R.C.P.. The case of Siciliano v. Hunerberg, Fla., 135 So.2d 750, casts doubt on the propriety of the court granting attorney's fees on motions for summary judgments. However the court does not find it necessary to decide said point in this case. An examination of the conditional sale contract reveals that in the first line thereof it is provided that "the undersigned buyer or buyers, jointly and severally, hereby purchase(s)" * * * the subject automobile. At no other place in the contract is buyer referred to in the plural and in no place is there a provision that the singular shall include the plural, etc. It is also pertinent to note that the defendant Butler is not designated as a "buyer" but rather as a "co-buyer". Again, it is noted that the complaint is not on the promissory note but rather on the contract. The law is well settled that contracts are to be construed most strongly against the drafter. Under the peculiar circumstances of the case at bar this court finds that the plaintiff is not entitled to recover attorney's fees from the defendant Butler.

Inasmuch as the summary judgment is sought against the defendant Butler only, and there has been no motion for a default judgment against the defendant Scott, and there being some question in the court's mind as to the propriety of entering more than one judgment in a single suit, the entry of a summary judgment

in accordance with this opinion will be deferred until such time as the plaintiff may indicate its desire as to whether a judgment is sought against one or both of the defendants. It having been indicated in this opinion that a summary judgment must be entered against the defendant Butler, this matter will be further considered upon appropriate application of the plaintiff and no further notice need be given to the defendant Butler. When a judgment is entered herein a copy thereof will be furnished to that defendant.