143 So.2d 715 (1962)
Paul E. HARDCASTLE, Appellant,
v.
Virginia Lane MOBLEY, Both Individually and As Executrix of the Estate of Mark Edgington Hardcastle, Deceased, Appellee.
No. 62-101.
District Court of Appeal of Florida. Third District.
August 21, 1962.
*716 Holcomb & Holcomb, Miami, for appellant.
Nelson & Spielvogel, Miami Beach, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
The appellant seeks review of an adverse summary decree of dismissal entered by the chancellor upon the finding by the court "* * * that the Plaintiff cannot establish a Cause of Action enforceable in a Court of Equity, and is unable in any event to go forward with his proof of his alleged Cause of Action. * * *".
The appellant filed a complaint for specific performance of a contract and to impress a trust upon the assets of the estate of a decedent, contending that he and the deceased, Mark Edgington Hardcastle, were twin brothers and that they had entered into an oral agreement to execute reciprocal wills making each other beneficiary of their respective wills; that at the time of the demise of the decedent his last will and testament failed to carry forward the provisions of the oral reciprocal agreement. Issue was joined by an answer which required the plaintiff to sustain the material allegations of his complaint. Certain interrogatories were addressed to the appellant and, in response thereto, he candidly admitted that "no other person was personally present and overheard the discussion or conversation resulting in such agreement". Thereafter, a motion for summary final decree was filed, asserting that there was no dispute as to any material fact and that it affirmatively appeared that the plaintiff was unable to proceed, his lips being sealed by § 90.05 Fla. Stat., F.S.A., known as the "dead man's statute". The cause then came on for hearing, at which hearing the appellant [through his counsel] attempted to submit an affidavit in opposition to the motion for summary final decree which in substance stated that the appellant had one or more witnesses [not named] who could testify that the deceased had admitted [during his lifetime] the existence of the oral contract sued upon. The chancellor rejected this affidavit upon the premise that it was not timely filed.
The appellant filed 4 points, each of which was a violation of the rule relative to clarity and conciseness in the stating of points on appeal. 3.7, subd. f, F.A.R., 31 F.S.A.; State v. City of Hialeah, Fla. 1959, 109 So.2d 368; Serotkin v. Flavin, Fla.App. *717 1959, 111 So.2d 483. However, we have examined the points and find that the appellant relies on the following as grounds for reversal of the summary decree of dismissal filed in this cause: (1) That the prohibition of § 90.05 Fla. Stat., F.S.A., known as the "dead man's statute", can only be raised at the time of trial; (2) that it could not be said that there was no issue as to a material fact; (3) that the appellant was entitled to an inference that he had other evidence which could be presented; and (4) that the affidavit filed at the time of hearing should not have been rejected by the chancellor as being untimely filed.
None of the errors urged by the appellant are found to be meritorious: (1) Evidence which is subject to objection at the time of trial is subject to being noted as unavailable at the time of hearing on summary decree. Riviera Printing Company v. Hessler's, Inc., Fla.App. 1959, 109 So.2d 778; Pollock v. Kelly, Fla.App. 1960, 125 So.2d 109. (2) It is not sufficient in defense of a motion for summary judgment to rely on the paper issues created by the pleadings, but it is incumbent upon the party moved against to submit evidence to rebut the motion for summary judgment and affidavits in support thereof or the court will presume that he had gone as far as he could and a summary judgment could be properly entered. Connolly v. Sebeco, Inc., Fla. 1956, 89 So.2d 482; General Truck Sales v. American Fire and Casualty Co., Fla.App. 1958, 100 So.2d 202; Jones v. Hartford Accident and Indemnity Co., Fla.App. 1959, 109 So.2d 582. (3) Therefore, the party moved against by summary judgment or summary decree must come forward with facts contradicting those submitted by the movant and demonstrating a real issue between the parties. Herring v. Eiland, Fla. 1955, 81 So.2d 645; Pritchard v. Peppercorn and Peppercorn, Inc., Fla. 1957, 96 So.2d 769. (4) And, lastly, both the Florida Rules of Civil Procedure and the cases interpreting these rules have made it mandatory that affidavits in opposition to motions for summary judgment must be filed prior to the day of hearing. 1.36(c), Florida Rules of Civil Procedure, 30 F.S.A.; Cleveland Trust Company v. Foster, Fla. 1957, 93 So.2d 112; Siciliano v. Hunerberg, Fla.App. 1961, 135 So.2d 750. However, even considering that the affidavit filed by the appellant was timely filed, it failed to contain any facts and would not have buttressed the position of the appellant as it [the affidavit] could not meet the test enunciated in the authorities cited in answer to the second and third points above referred to.
Therefore, for the reasons above stated, the summary decree of dismissal is affirmed.
Affirmed.