206 So.2d 65 (1968)
HENRY STILES, INC., Appellant,
v.
George EVANS d/b/a George Evans Company, Appellee.
No. 901.
District Court of Appeal of Florida. Fourth District.
January 17, 1968.
Rehearing Denied February 12, 1968.
Russell E. Carlisle, of Carlisle, Zeiher & Byrd, Fort Lauderdale, for appellant.
Reed A. Bryan, III, of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellee.
WALDEN, Chief Judge.
This appeal concerns a conflict in the application of the Florida Rules of Civil Procedure in the summary judgment area.
Plaintiff sued defendant for breach of contract. Issue was joined.
*66 On March 14, 1966, plaintiff moved for summary judgment, using a supporting affidavit. Hearing was set for 11:00 A.M., May 11, 1966.
On May 10, 1966, the afternoon prior to hearing, the defendant acted. At 4:52 P.M. on that day it filed an opposing affidavit with the clerk of court and placed a copy of it in the mail addressed to plaintiff's attorney.
At the summary judgment hearing, conducted on the following morning, plaintiff successfully objected to defendant's opposing affidavit on the ground that it was not timely served. It appears that defendant, being satisfied with its position, did not seek a continuance or leave to file further affidavits under the summary judgment rule. Summary final judgment was entered for plaintiff and this appeal ensued.
We affirm.
Was the defendant's opposing affidavit timely and properly served? This is the determinative appellate question which we answer in the negative.
Defendant-appellant urges that its opposing affidavit should have been considered by the trial court. Defendant points us to F.R.C.P. 1.36(c), 30 F.S.A. which provides:
"The adverse party prior to the day of hearing may serve opposing affidavits,"[1]
and to F.R.C.P. 1.4(b), which provides:
"Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address * * *. Service by mail shall be deemed complete upon mailing."[2]
Defendant contends, according to the literal wording of rule 1.4(b), that its affidavit was timely inasmuch as it was placed in the mail prior to the day of the hearing, and that this act constituted complete service regardless that plaintiff's counsel did not receive it in advance of the hearing. We cannot condemn defendant's reasoning.
On the other hand, plaintiff convincingly points out that the purpose of rule 1.36(c) in requiring opposing affidavits to be served "prior to the day of hearing" is to provide moving counsel an opportunity to inspect them before hearing. This allows a lawyer to prepare himself for that hearing where it is expected that he, as an advocate and officer of the court, will advise the judge of the merits and demerits of the motion, including the affidavits.
He further urges that the quoted words must be construed as having some purpose and meaning. The only possible rationale or purpose behind such wording is that service in this instance means that the opposing affidavits must be actually delivered to moving counsel prior to the date of hearing or, if served by mail, three days must be added[3] retrospectively so that the expiration of that period will be prior to the date of hearing.
By way of analogy, we note that a party defending against a motion for summary judgment may not bring an opposing affidavit to the summary judgment hearing and there and then serve it upon opposing counsel.[4] If this practice, which places the affidavit physically in the hands of moving counsel at least at or immediately prior to hearing, is forbidden as being contrary to F.R.C.P. 1.36(c), then we fail to see how the practice in the case at hand could be sanctioned, whereby the moving *67 counsel would not receive the affidavit until after the hearing and thereby would have no opportunity to learn the position taken by his opponent.
In Cook v. Navy Point, Inc.[5] the opposite situation was discussed, wherein the rights of the party opposing a motion for summary judgment were recognized. It was said at page 534:
"* * * In all but extraordinary circumstances, affidavits in support of the motion, if any there are, should be filed with it to allow the opponent time to controvert them. The ten day minimum time limit prescribed for service is often none too long, considering the swift and dispositive character of the motion. A motion for summary judgment is calculated to save valuable trial time and thus to assist in securing speedy and inexpensive justice, but one object of the new rules of procedure is to prevent surprise, and this equally praiseworthy objective should not be overlooked. * * * " (Emphasis added.)
We think these considerations deemed applicable to the party opposing a motion for summary judgment should find equal force and favor on the side of the movant when the opposing party chooses to file
affidavits in opposition. In other words, the movant is equally entitled not to be surprised.
As we see it, the literal wording of rule 1.4(b) is not reconcilable with the obvious purpose of rule 1.36(c) and thus we must, as did the trial court, choose between them.[6]
Endorsement of defendant's position would permit one side to surprise, embarrass and prejudice the opposing side. Such is the antithesis of our system of jurisprudence which is founded on the proposition of notice and fair opportunity to defend or meet the issue. Particularly in a complicated case it would deprive counsel of the right to be advised and prepared at the hearing upon his motion.
On the other hand, we foresee little disadvantage to an interpretation of the rules as suggested by plaintiff. If affidavits cannot be timely served in the suggested fashion then the defendant could seek a continuance in advance of the hearing under the provision of F.R.C.P. 1.36(f).[7]
It is, therefore, our view and holding that the words, "[t]he adverse party prior to the day of hearing may serve opposing affidavits" found in F.R.C.P. 1.36(c) mean that such affidavits must be physically served or delivered to moving counsel prior to date of hearing. If service is to be effectuated via mail then the affidavits must be mailed sufficiently in advance so that the expiration of three days from mailing will still be prior to the day of hearing.
While we reject defendant's presentation, it does point up a weakness in the language of F.R.C.P. 1.36(c). Further, as herein indicated, there is a conflict between its intendment and the literal provisions of F.R.C.P. 1.4(b) dealing with service by mail. Because of the interest of the Bar in obtaining clear and unequivocal rules of procedure, and remembering that the rule making power is vested in the Supreme Court of Florida,[8] we further declare our *68 intention, upon receipt of proper application, to certify this decision as passing upon a question of great public interest[9] in order that the Supreme Court may consider this rules question and accord it such treatment as that Court is advised.
We feel that the construction that we have reached accords with the mandate, "[t]hese rules shall be construed to secure the just, speedy and inexpensive determination of every action" and that the construction accords with the spirit of the rules.[10]
"Where the letter of a rule of procedure stands athwart the paths leading to the essential ends of justice * * *, the rule must yield to the dictates of reason and ethics upon which all law is founded."[11]
The appealed judgment is
Affirmed.
McCAIN, J., concurs.
REED, J., dissents, with opinion.
REED, Judge (dissenting).
I must respectfully dissent from the decision of the majority. In my opinion the final judgment should be reversed and the cause remanded to the trial court with instructions to consider the affidavit in opposition to the motion for summary judgment offered by the appellant and to determine whether or not, on the basis of that affidavit and the proofs submitted by the movant, a material issue of fact exists.
The majority concludes that when an affidavit in opposition to a motion for summary judgment is served by mail, it must be mailed three days prior to the date set for the hearing.
At the time this cause was heard by the trial judge, the summary judgment rule provided, "* * * The adverse party prior to the day of hearing may serve opposing affidavits. * * *", F.R.C.P. 1.36(c) (1954). F.R.C.P. 1.4(b) 1954 provided that service by mail shall be complete upon mailing. The conclusion of the majority is, therefore, inconsistent with and has the effect of modifying the clear language of the aforesaid provisions of the 1954 Rules of Civil Procedure.[1]
The majority justifies its position on the ground that the purpose of the pertinent language in rule 1.36(c)  to place the opposing affidavits in the hands of the movant in time for review and study prior to the hearing  would be frustrated by permitting service by mail on the day prior to the hearing. This is not necessarily the case. The proponent of a motion for summary judgment can, on the day of the hearing, review the court file prior to the time set for hearing and therein read the original version of the opposing affidavit. If he is unable in this manner to adequately prepare himself, he may ask for a continuance.[2]
If, however, the rule which provides that service shall be complete upon mailing is not entirely adequate to effect the purpose of the rule in the summary judgment section which provides for the service of opposing affidavits prior to the day of the hearing, it seems to me that this hiatus, if one exists, can only be corrected by the Supreme Court *69 of Florida in the exercise of its rule making power, Article V, Section 3, Florida Constitution; Ser-Nestler, Inc. v. General Finance Loan Company of Miami Northwest, Fla.App. 1964, 167 So.2d 230. Any amendment to these rules by an opinion of this court is not only unauthorized, but will place a bear trap where none heretofore existed.
In summary, I disagree with the opinion of the majority because in my view it constitutes an amendment of F.R.C.P. 1.4(b) and 1.36(c), 1954, (now rules 1.080(b) and 1.510(c), F.R.C.P.) and is inconsistent with the liberal treatment which is to be afforded parties opposing a motion for summary judgment, Holl v. Talcott, Fla. 1966, 191 So.2d 40, 46.
NOTES
[1] 1967 F.R.C.P. 1.510(c), 31 F.S.A. contains essentially the same provision.
[2] 1967 F.R.C.P. 1.080(b) contains essentially the same provision.
[3] See F.R.C.P. 1.6(e); 1967 F.R.C.P. 1.090(e).
[4] Cleveland Trust Company v. Foster, Fla. 1957, 93 So.2d 112. See also Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404; Siciliano v. Hunerberg, Fla.App. 1961, 135 So.2d 750; and Hardcastle v. Mobley, Fla.App. 1962, 143 So.2d 715.
[5] Fla. 1956, 88 So.2d 532.
[6] That this problem has been recognized by the Supreme Court, see Ferrell Jewelers of Tampa, Inc. v. Southern Mill Creek Products Co., Inc., 205 So.2d 657 opinion filed December 19, 1967, footnote 2.
[7] "When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or decree or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
[8] Article V, Section 3. Florida Constitution, F.S.A.; Ser-Nestler, Inc. v. General Finance Loan Company of Miami Northwest, Fla.App. 1964, 167 So.2d 230.
[9] F.A.R. 4.5(c) (6), 32 F.S.A.
[10] F.R.C.P., Rule A.
[11] State ex rel. Moore v. Murphree, Fla. App. 1958, 106 So.2d 430, 432. Similarly recognizing that the spirit of the rules should prevail over the letter are Davis v. Evans, Fla.App. 1961, 132 So.2d 476, cited in Young v. Pyle, Fla.App. 1967, 193 So.2d 659 at 663, and Ideal Rock Products Co. v. Henry's Drive-In of Fla., Inc., Fla.App. 1963, 152 So.2d 791.
[1] These rules were retained in substantially identical form in the 1967 Revision of the Florida Rules of Civil Procedure.
[2] The affidavit which confronted the movant in the present case contained three short paragraphs, excluding formal parts, which presumably could have been read and comprehended in a few minutes.