281 So.2d 567 (1973)
Lily AUERBACH and Consolidated American Insurance Company, a Foreign Corporation, Appellants,
v.
James R. ALTO and Mary T. Alto, His Wife, Appellees.
No. 73-387.
District Court of Appeal of Florida, Third District.
July 17, 1973.
Rehearing Denied September 12, 1973.
Sherouse & Virgin and Chester E. Whittle, Jr., Miami, for appellants.
Sams, Anderson, Alper, Spencer & Post and Frank B. Pridgen, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants take this interlocutory appeal from an order granting summary judgment on the issue of liability in favor of plaintiffs.
Plaintiff James Alto was riding on his motorcycle on the rear of which was seated his wife. A dog owned by Mrs. Auerbach, the defendant, charged into the street in front of the motorcycle and began to chew on James Alto's tennis shoe. James then attempted to get the motorcycle in gear and escape from the dog; however, he was going too slow and the cycle reared up and fell over. As a result, James broke his leg and his wife also sustained injuries. Plaintiffs filed suit against defendants, Mrs. Auerbach and the Consolidated American Insurance Company. In her deposition, Mrs. Auerbach testified that she was at work at the time of the accident, of which she learned subsequently from her son who informed her their dog "Luke" went after the motorcycle. Plaintiffs moved for summary judgment and at the time of hearing counsel *568 for defendants offered the affidavit of one Mr. Thomas. The court rejected the affidavit as not timely filed and granted plaintiffs' motion for summary judgment on the issue of liability.
On appeal, appellants contend that the trial court erred in refusing to consider the eyewitness' affidavit proffered at the hearing on plaintiffs' motion for summary judgment. We must reject this contention.
Both the Florida Rules of Civil Procedure and the cases interpreting these rules have made it mandatory that affidavits in opposition to motions for summary judgment must be filed prior to the day of hearing. RCP 1.510(c), 31 F.S.A.; Cleveland Trust Company v. Foster, Fla. 1957, 93 So.2d 112; Siciliano v. Hunerberg, Fla. App. 1961, 135 So.2d 750; Hardcastle v. Mobley, Fla.App. 1962, 143 So.2d 715; Henry Stiles, Inc. v. Evans, Fla.App. 1968, 206 So.2d 65. Accordingly, we hold the trial judge to be eminently correct in refusing to consider the affidavit proffered on the morning of the hearing on plaintiffs' motion for summary judgment.
Appellants further contend that the trial court erred in ruling that no genuine issue remained as to proximate cause.
In support of their argument, defendant-appellants cite Brandeis v. Felcher, Fla.App. 1968, 211 So.2d 606 and English v. Seachord, Fla.App. 1971, 243 So.2d 193. However, we noted that in these two cases the element of physical contact between the dog and the victim was lacking. The record on appeal in the case sub judice clearly reflects that the appellant's dog, "Luke", ran out in front of appellee's motorcycle and began biting James Alto's leg and chewing on his shoe. Thus, the case at bar is readily distinguishable from the two cases proffered by the appellants and, therefore, this argument must fail.
We also considered appellants' remaining point on appeal and found it to be without merit.
Accordingly, the order granting summary judgment on the issue of liability is hereby affirmed.