489 So.2d 779 (1986)
Spike VON ZAMFT and GMMR, INC., Appellants,
v.
SOUTH FLORIDA WATER MANAGEMENT DISTRICT, Appellee.
No. 85-1098.
District Court of Appeal of Florida, Second District.
April 30, 1986.
Rehearing Denied June 2, 1986.
Lester W. Jennings, Okeechobee, for appellants.
Michael S. Tammaro, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a summary judgment quieting the title to certain land in appellee, South Florida Water Management District. Chains of title to the District and to appellant, Von Zamft, came from a common source, but the District's deed was executed and recorded prior in time. The court determined that the tax deed issued to Von Zamft was void because the taxes had been erroneously assessed against the land while it was owned by the District.
*780 We need not reach Von Zamft's attack on the validity of the District's deed. This issue was first raised by affidavits filed and served by mail on Friday before the Monday hearing on the motion for summary judgment and by additional affidavits filed and served at the hearing. These affidavits were untimely presented, and the court was not required to consider them. Henry Stiles, Inc. v. Evans, 206 So.2d 65 (Fla. 4th DCA 1968). As the court stated in Stiles:
It is, therefore, our view and holding that the words, "[t]he adverse party prior to the day of hearing may serve opposing affidavits" found in F.R.C.P. 1.36(c) mean that such affidavits must be physically served or delivered to moving counsel prior to date of hearing. If service is to be effectuated via mail then the affidavits must be mailed sufficiently in advance so that the expiration of three days[[1]] from mailing will still be prior to the day of hearing.
206 So.2d at 67. As in Stiles, Von Zamft did not seek a continuance to permit additional time for the filing of affidavits.
Von Zamft also argues that the legal description in his tax deed encompasses a portion of land not within the legal description of the District's deed. On this record, we cannot reconcile the two descriptions, and it may take surveyors to resolve the question. In view of the possibility that Von Zamft may be correct, we hereby remand the case with directions that the judgment be amended to quiet the District's title only with respect to the land described in its deed and to hold the tax deed void only to the extent that it describes land within the description contained in the District's deed.
In all other respects, the judgment is affirmed.
RYDER, C.J., and GRIMES and SCHEB, JJ., concur.
NOTES
[1] The mailing time has now been extended to five days. Fla.R.Civ.P. 1.090(e).