506 So.2d 1072 (1987)
Sharon DAVIS, Appellant,
v.
LYALL & LYALL VETERINARIANS, P.A., Appellee.
No. 86-949.
District Court of Appeal of Florida, Fifth District.
April 9, 1987.
Rehearing Denied May 13, 1987.
Herbert W. Webb, P.A., Gainesville, for appellant.
John M. Green, Jr., and Ralph J. McMurphy, Ocala, for appellee.
*1073 SHARP, Judge.
Davis appeals from a final summary judgment rendered against her after appellees, veterinarians who treated her horse, brought suit when she refused to pay their bill. Davis counterclaimed that appellees were negligent in treating the horse and that it died as a result. The trial court ruled there was no material issue of fact as to appellees' negligence, and it awarded appellees $1,627.15 on their complaint. We reverse.
Within the one-month period of time preceding the summary judgment hearing, Davis lost both her expert witness and her attorney. Davis apparently could not obtain a second veterinarian from Florida, but secured one from Georgia. On the day of the hearing (which was two days after her first attorney withdrew), Davis' new attorney submitted an affidavit of a second expert witness to appellees' counsel and the trial court. It established grounds for a malpractice claim against appellees. Although untimely, the attorney requested that the affidavit be considered or that additional time be granted in which to file the affidavit.[1] He also moved for a stay of the summary judgment order. The court denied these requests.
The law favors adjudication on the merits and summary judgment should be cautiously granted in negligence or malpractice suits.[2] The purpose of summary judgment is to determine whether there is sufficient evidence to justify a trial, and it should be sparingly granted so as not to deny parties their constitutional right to a jury trial.[3]
While Florida Rule of Civil Procedure 1.510(c) has been interpreted to require that affidavits in opposition to a summary judgment motion be filed at least one day prior to the hearing,[4] that requirement is not necessarily carved in stone. Exigent circumstances may relieve a party from such requirement.[5] We think such circumstances existed here, and failure to accept appellant's affidavit or grant a continuance constituted a breach of the trial judge's discretion.
REVERSED AND REMANDED.
DAUKSCH, J., concurs.
COWART, J., dissents without opinion.
NOTES
[1] The parties disagree on whether Davis made an actual ore tenus motion for a continuance, although the court recalled Davis requested "additional time."
[2] Moore v. Morris, 475 So.2d 666 (Fla. 1985); Schafer v. Lehrer, 476 So.2d 781 (Fla. 4th DC 1985); Stapleton v. State, 239 So.2d 140, 141 (Fla. 1st DCA 1970).
[3] Odham v. Foremost Dairies, Inc., 128 So.2d 586 (Fla. 1961); Axelrod v. Califano, 357 So.2d 1048 (Fla. 1st DC 1978).
[4] Von Zamft v. South Florida Water Management District, 489 So.2d 779 (Fla. 2d DCA), review denied, 494 So.2d 1153 (Fla. 1986); Henry Stiles, Inc. v. Evans, 206 So.2d 65 (Fla. 4th DCA 1968).
[5] Von Zamft v. South Florida Water Management District, 489 So.2d 779 (Fla. 2d DCA), review denied, 494 So.2d 1153 (Fla. 1986) (failure to also seek continuance); Burns v. Taylor, 432 So.2d 99 (Fla. 2d DCA 1983); Willis v. L.W. Foster Sportswear Co. Inc., 352 So.2d 922 (Fla. 2d DCA 1977); Henry Stiles, Inc. v. Evans, 206 So.2d 65 (Fla. 4th DCA 1968); see also, Hart v. Colonial Penn Insurance Company, 397 So.2d 1208 (Fla. 1st DCA 1981) (movant's filing of supporting affidavit two days before hearing instead of twenty days as required constitutes harmless error).