519 So.2d 1059 (1988)
HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant,
v.
David GILLETTE as Assignee of Third Party Plaintiff Emery Nathan Jones; and Travelers Indemnity Company, Appellees.
No. BO-26.
District Court of Appeal of Florida, First District.
January 27, 1988.
Rehearing Denied March 3, 1988.
Richard A. Sherman and Rosemary B. Wilder, of Richard A. Sherman, P.A., Fort *1060 Lauderdale, and Daniel N. Burton and Judith W. Simmons, of Foley & Lardner, Tampa, for appellant.
Robert G. Kerrigan, Pensacola, for appellee David Gillette.
Duncan B. Dowling, III of Rogers, Dowling and Bos, Orlando, for appellee Travelers Indem. Co.
SHIVERS, Judge.
The appellant in this case, Hartford Accident & Indemnity Company (Hartford), appeals a verdict entered in favor of appellee David Gillette in a bad faith action brought by assignor Emery Nathan Jones against Hartford. Hartford has raised thirteen issues on appeal, all of which we affirm. We give the following abbreviated version of the facts relevant to the two issues which warrant discussion.
The plaintiff/appellee, David Gillette, suffered severe injuries in a 1978 automobile accident which occurred when the car in which he was a passenger collided with a car driven by Emery Jones. The car driven by Jones had been leased by Jones' employer, EDS/IDAB, Inc. (EDS), from National Car Rental (NCR). In addition to personal policies of insurance covering Jones and Hancock (the driver of Gillette's car), NCR was insured by Travelers Indemnity Company (Travelers) under a $100,000 primary policy and a $20,000,000 excess policy, and EDS was insured by Hartford Accident & Indemnity Company (Hartford) under a $300,000 primary policy and a $1,000,000 excess policy.
In 1979, Gillette and his father filed suit against Hancock, Jones, and NCR. EDS and Hartford were later added as defendants. The case ultimately went to trial, resulting in a $12.2 million verdict in favor of the plaintiff. Six days prior to the liability portion of the trial, Hartford entered into a Mary Carter agreement with Gillette which settled the case on behalf of EDS. Hartford maintained, however, that its policy insuring EDS provided no coverage to Jones. Consequently, Hartford did not take part in the damages portion of the trial, nor did it appeal from the judgment.
Pursuant to an agreement entered into between Gillette, Jones, NCR, and Travelers, Jones filed suit against Hartford on April 19, 1983 alleging bad faith (entitled a "Third Party Complaint" in the record) and assigned the action to Gillette. In January of 1984, the trial court granted a partial summary judgment finding Jones to be an insured under Hartford's policies issued to EDS. In October of 1984, Hartford filed a "Fourth Party Complaint" against Travelers, seeking contribution. The complaint was later amended several times to add additional counts against Travelers. On November 15, 1985, the trial court granted Travelers' motion for partial summary judgment, finding Jones not to be covered under Travelers' $20,000,000 excess policy insuring NCR. The trial court denied Travelers' motion for judgment on the pleadings, however, and granted Hartford leave to file an amended fourth party complaint. (Travelers later filed a motion for final summary judgment, which the court denied.) On February 5, 1986, Travelers' motion to sever the fourth party complaint from the bad faith trial was granted and, after trial in April of 1986, Hartford was found to have acted in bad faith against Jones. A judgment in excess of $16,000,000 was entered against Hartford, after which it filed this appeal.
First, Hartford contends that the trial court erred in granting Jones' motion for summary judgment, arguing that the evidence before the court raised a question of fact for the jury. Hartford further contends that since the bad faith verdict was based on the jury having been told that the trial court had already found Jones to be covered under Hartford's policy, the verdict must be reversed.
We disagree. The policy of insurance issued by Hartford to EDS provides coverage:
With respect to any automobile owned by the named insured or hired for use by or on behalf of the named insured, [to] any person (including an employee of the named insured) while using such automobile ... provided its actual use is with the permission of the named insured....
*1061 The Hartford policy, therefore, covered Jones so long as he used the rental car with EDS's permission or, even if he used it without EDS's permission so long as the use was only a "minor deviation" from that permission. Kobetitsch v. American Manufacturers' Mutual Insurance Company, 390 So.2d 76 (Fla.3d DCA 1980).
At the time Jones filed his motion for summary judgment on this issue, he attached his own affidavit stating that there were no restrictions placed on his use of the rental car while on business trips, with the one exception that he was not to rent luxury cars. On the basis of the uncontroverted evidence, the trial court granted partial summary judgment. Several days later, Hartford moved for rehearing, attaching the affidavit of Mr. Kipp, an employee of EDS. According to Kipp, EDS employees had been instructed that rental cars were to be used for "business purposes only, plus use for travel to and from meals." After the affidavit was filed, Jones' attorney took Kipp's deposition and, after considering the motion, the affidavit, and the deposition, the trial court denied the motion for rehearing.
Initially, we note that the trial court was not obligated to consider the affidavit or deposition of Mr. Kipp. According to Florida Rule of Civil Procedure 1.510(c), affidavits in opposition to motions for summary judgment must be filed prior to the day of the hearing. Based on the uncontroverted evidence before the court as of the date of the hearing, the partial summary judgment was properly granted. See Auerbach v. Alto, 281 So.2d 567 (Fla.3d DCA 1973), cert. denied, 297 So.2d 31 (Fla. 1974). Even assuming arguendo the court was obligated to consider the affidavit and deposition of Kipp, we find the trial court properly denied the motion for rehearing since no evidence was presented that Jones' use of the vehicle was without EDS's permission.
Second, appellant contends that the trial court erred in granting the November 15, 1985 partial summary judgment finding Jones not to be covered under Travelers' excess policy. We note that the matter currently on appeal before this court is the bad faith action brought by Jones against Hartford, in which final judgment in favor of Jones was entered in 1986. The issue here being raised by Hartford, on the other hand, involves the fourth party action brought by Hartford against Travelers, which was severed from the underlying bad faith action and in which final judgment has not yet been entered. Initially, then, the partial summary judgment entered in the derivative, yet severed, fourth party action is not properly before the court in the instant appeal.
Accordingly, the judgment entered on behalf of plaintiff/Gillette against Hartford is hereby AFFIRMED.
THOMPSON and ZEHMER, JJ., concur.