552 So.2d 293 (1989)
Kenneth BURTON, Marlene A. Burton, Jack Gay, and Jeanette Gay, Individually and D/B/a "Deer Run Partnership," Appellants,
v.
GOV CONTRACTING CORPORATION, a Corporation, Appellee.
No. 89-00329.
District Court of Appeal of Florida, Second District.
November 15, 1989.
*294 Lucinda Meekins Stathis and Marc H. Feldman, Bradenton, for appellants.
Douglas A. Wallace, Bradenton, for appellee.
EN BANC
PARKER, Judge.
Kenneth and Marlene A. Burton and Jack and Jeanette Gay (defendants), who were doing business as "Deer Run Properties," appeal a summary final judgment entered in favor of GOV Contracting Corporation (GOV) on an action to recover on a guaranty. We reverse. Further, we have determined to treat this matter en banc to recede from certain language contained in our prior decisions of Burns v. Taylor, 432 So.2d 99 (Fla. 2d DCA 1983) and Von Zamft v. South Florida Water Management District, 489 So.2d 779 (Fla. 2d DCA), review denied, 494 So.2d 1153 (Fla. 1986), as will be explained below.
GOV sued the defendants alleging a default on a guaranty that the defendants executed. The defendants answered the complaint, asserting the affirmative defenses of recoupment and payment.[1] Defendants also filed a counterclaim seeking damages for plaintiff's alleged failure to perform and to complete work on subdivision improvements in the Deer Run Subdivision.[2]
The defendants returned incomplete answers to GOV's interrogatories and request for production of documents. GOV filed a motion to compel, and the trial court granted that motion, ordering the defendants to respond fully to the discovery requests within ten days. Following the failure of the defendants to comply with the order compelling discovery, GOV filed a motion for an order imposing sanctions, which the trial court granted. Specifically, the trial court stayed the defendants from proceeding further on their counterclaim until they complied with the order compelling discovery.
Over two months later, GOV filed a motion for summary judgment based upon, among other allegations, the contention that the defendants were precluded from asserting recoupment as a defense because the subject matter of that defense was the same as the subject matter of the counterclaim, which the trial court had stayed for defendants' failure to comply with the order compelling discovery. The hearing on *295 the motion for summary judgment was scheduled for over ninety days from the date of the filing of the motion. The day prior to the hearing on the motion for summary judgment, defendants hand delivered to plaintiff's attorney an unsigned affidavit in opposition to the motion for summary judgment. On the day of the hearing, the defendants filed the original executed affidavit with the court.
The trial court granted the motion for summary judgment, stating in its order the following:
(D) Defendants raised two affirmative defenses to Plaintiff's claim. The first affirmative defense related to certain set-offs claimed to be due by Defendants from Plaintiff. By virtue of the Order Imposing Sanctions entered by the Court herein on September 19, 1988, Defendants are precluded from raising such matters in opposition to Plaintiff's claim whether by way of counter-claim or by affirmative defense since the matters raised in the counterclaim are identical to the matters set forth in the first affirmative defense. Defendants do not dispute that they have failed to cure their noncompliance with the terms of the discovery order entered on July 19, 1988, on which the Order Compelling Sanctions was based... .
(E) The Affidavit of Jack Gay served by Defendants in opposition to the Motion For Summary Judgment is insufficient since the copy served on counsel for Plaintiff on the day prior to the hearing was admittedly unsigned and the signed original was not filed with the Court until the time scheduled for the hearing.
The trial court erred in its first basis for granting this summary judgment. When the trial court had imposed sanctions earlier, its order stated that the "[d]efendants be and they hereby are stayed from proceeding further on their Counterclaim until such time as they comply with the Order Compelling Discovery... ." The trial court was silent regarding any sanctions prohibiting the defendants from raising their affirmative defense of recoupment.
Recoupment is defined as follows:
A right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract.
... .
Recoupment is a purely defensive matter growing out of transaction constituting plaintiff's cause of action and is available only to reduce or satisfy plaintiff's claim and permits of no affirmative judgment.
BLACK'S LAW DICTIONARY 1146 (rev. 5th ed. 1979) (citation omitted). In Peacock Hotel, Inc. v. Shipman, 103 Fla. 633, 634, 138 So. 44, 44 (1931), our supreme court stated: "A recoupment may spring from a wrong, provided it arises out of the transaction set forth in the bill of complaint, but a recoupment goes to the justice of the complainant's claim and no affirmative judgment can be had thereon against the complainant."
It appears from the pleadings that what the defendants attempted to accomplish by their affirmative defense of recoupment was to reduce, in whole or in part, the amount GOV claimed under the guaranty, based upon GOV's alleged failure to complete its obligations under the contract. As shown above, the trial court's only sanction for the discovery violation was to prohibit the defendants from seeking damages under the counterclaim; therefore, the trial court's failure to impose any sanctions precluding the defendants from proceeding on their affirmative defense does not permit the trial court to impose that further sanction at the hearing on the motion for summary judgment.
Likewise, the trial court erred in refusing to consider the defendants' counteraffidavit. The defendants served an unsigned copy of the opposing affidavit on GOV's attorney the day prior to the hearing and then filed a signed original of that affidavit on the day of the scheduled hearing. Although there may be instances where an unsigned copy of an affidavit would prejudice an opposing party who received it, there was no prejudice shown *296 here. The copy of the affidavit, except for the lack of a signature and the failure to have the portion making it a sworn document completed, was the same as the original affidavit presented at the hearing. Further, the defendants served the copy of the affidavit on opposing counsel the day prior to the hearing, which satisfied Florida Rule of Civil Procedure 1.510(c).
The trial court also found that the opposing affidavit was untimely because it was not filed until the day of the hearing. We disagree and, in doing so, must recede from our holdings in or certain language in our decisions of Burns v. Taylor, 432 So.2d 99 (Fla. 2d DCA 1983) and Von Zamft v. South Florida Water Management District, 489 So.2d 779 (Fla. 2d DCA), review denied, 494 So.2d 1153 (Fla. 1986). These cases, and others which will be mentioned later, seem to confuse the terms "serve" and "file." Rule 1.510 states, in pertinent part:
(c) Motion and Proceedings Thereon. The motion [for summary judgment] shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued and shall be served at least twenty days before the time fixed for the hearing. The adverse party may serve opposing affidavits prior to the day of hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
Fla.R.Civ.P. 1.510(c). As shown above, the rule requires serving the affidavit prior to the day of hearing and has no requirement regarding the filing of the affidavit. Therefore, Florida Rule of Civil Procedure 1.080(d) would control the filing requirement, and it states: "All original papers shall be filed with the court either before service or immediately thereafter."
Although not involving a motion for summary judgment, the case of Miami Transit Company v. Ford, 155 So.2d 360 (Fla. 1963) is instructive. There, the supreme court was faced with the issue of service versus filing. The circumstance in that case was that a motion for new trial was properly served within the time limits of the controlling rule and not filed with the court within that same service period. The court stated:
It appears, therefore, that the two district courts are at variance with regard to the essentiality of filing a motion within the time prescribed by the rule for the service thereof. One court holds that filing within the period of service is essential to the validity of the motion. The other court holds that filing is not an essential jurisdictional prerequisite but that it may be waived and in all events will not be considered fatal if harm to the opposing party does not result. We, therefore, detect a conflict of decision on the same point of law. Consequently, we find that we have jurisdiction to proceed to consider the merits.
Rule 2.8(b) F.R.C.P., provides:
"A motion for a new trial, or a motion for rehearing in matters heard without a jury or rehearing of any motion for judgment provided for by these rules, shall be served not later than 10 days after the rendition of verdict or the entry of a summary judgment." (Emphasis added.)
Rule 1.4(d), F.R.C.P., regarding the filing of papers provides as follows:
"All original papers, copies of which are required to be served upon parties, shall be filed with the court either before service or immediately thereafter." (Emphasis added.)
Ford, 155 So.2d at 361-62 (emphasis in original). In addressing what "immediately thereafter" means as it relates to filing after service has been made, the court stated:
We, therefore, conclude that a motion for a new trial is timely so as to toll the running of the appeal period under Rule 1.3, Florida Appellate Rules, if the motion is served within 10 days after the rendition of the verdict.
While it should be filed with reasonable promptness and, at all events, before *297 it is presented to the trial judge, the service of the motion on opposing parties is the critical act. Situations may develop where undue delay in filing could result in harm or prejudice to the opposing party. In such event, the trial judge has the power to invoke appropriate penalties even to the extent of refusing to consider the motion. A decision governing such situations will have to await the event thereof. In the instant case no harm or prejudice from failure to file is reflected by the decision of the district court and none is suggested.
Ford, 155 So.2d at 363.
This court, in its Burns and Von Zamft decisions, either held or expressed language indicating that affidavits opposing a motion for summary judgment must be filed prior to the hearing. However, a review of each of those cases reveals that the courts have provided no reason or case authority to explain why the language contained in the rule, which only requires service prior to the hearing day, is not controlling.
In Burns, an appeal from a final summary judgment, the appellants argued that the trial judge should have considered their counteraffidavits. This court held that no exigent circumstances existed to relieve the appellants from the requirement "that affidavits opposing a motion for summary judgment be filed prior to the day of hearing on the motion." Burns, 432 So.2d at 100. Burns cites to the case of Willis v. L.W. Foster Sportswear Co., Inc., 352 So.2d 922 (Fla. 2d DCA 1977), as its authority for its holding. Willis, however, merely held that the trial court did not abuse its discretion in failing to consider counteraffidavits which were served and filed with a motion for rehearing after the trial court had entered a summary judgment.
The appellant in Von Zamft filed and served by mail counteraffidavits on the Friday before a Monday hearing on a motion for summary judgment. The Von Zamft court held that the affidavits were presented untimely, a holding with which we do not disagree; however, that panel went on to state that "Von Zamft did not seek a continuance to permit additional time for the filing of affidavits." Von Zamft, 489 So.2d at 780. The Von Zamft court relied on the case of Henry Stiles, Inc. v. Evans, 206 So.2d 65 (Fla. 4th DCA 1968). In Evans, on the afternoon prior to the hearing on the plaintiff's motion for summary judgment, the defendant filed an opposing affidavit with the clerk and placed a copy of the affidavit in the mail to the plaintiff's attorney. In holding the service was untimely, the fourth district court stated:
It is, therefore, our view and holding that the words, "[t]he adverse party prior to the day of hearing may serve opposing affidavits" found in F.R.C.P. 1.36(c) mean that such affidavits must be physically served or delivered to moving counsel prior to date of hearing. If service is to be effectuated via mail then the affidavits must be mailed sufficiently in advance so that the expiration of three days from mailing will still be prior to the day of hearing.
Evans, 206 So.2d at 67. The Von Zamft court, therefore, was correct in its holding and reliance on the Evans decision but made an unfortunate choice of words in its opinion when it referred to filing of affidavits instead of serving of affidavits.
GOV also relies on this court's decision of Siciliano v. Hunerberg, 135 So.2d 750 (Fla. 2d DCA 1961), to support its argument that counteraffidavits must be filed the day prior to the hearing.[3] A careful reading of Siciliano, however, reveals that the opinion holds that affidavits in opposition to a motion for summary judgment must be filed prior to the hearing and does not hold that the counteraffidavits must be filed the day prior to the hearing, as GOV alleges. GOV's reliance on Siciliano, therefore, is misplaced.
Other district courts have also held that counteraffidavits must be filed prior to the date of hearing on the motion for summary *298 judgment. See, e.g., Davis v. Lyall & Lyall Veterinarians, P.A., 506 So.2d 1072 (Fla. 5th DCA), review denied, 513 So.2d 1062 (Fla. 1987); Auerbach v. Alto, 281 So.2d 567 (Fla. 3d DCA 1973), cert. denied, 297 So.2d 31 (Fla. 1974); and Hardcastle v. Mobley, 143 So.2d 715 (Fla. 3d DCA 1962). In addition to the cases previously discussed, Auerbach and Hardcastle also rely on the decision of Cleveland Trust Company v. Foster, 93 So.2d 112 (Fla. 1957). In Cleveland Trust, the supreme court was faced with the issue of late service of affidavits and not the issue of filing of affidavits. The Cleveland Trust court stated:
In the trial court, defendants attempted, by filing affidavits in opposition to plaintiff's motion for summary decree, to show that the property was held by Foster subject to a resulting trust, of which Wentz was beneficiary. The affidavit of Foster was not served upon opposing counsel until the hearing on the motion for summary decree. Objection was made by counsel to the consideration of this affidavit, and this objection, of course, should have been sustained under the Rules... . Rule 1.36(c), Florida Rules of Civil Procedure, 30 F.S.A., provides in part, in connection with a motion for summary judgment or decree:
"The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits * * *." [Emphasis added.]
Cleveland Trust, 93 So.2d at 114 (emphasis in original). Accordingly, this case is not authority for the legal holding that affidavits in opposition to a motion for summary judgment must be filed prior to the date of hearing.
It appears, therefore, that there are at least five cases in Florida which require that the affidavit in opposition to a motion for summary judgment be filed on the day prior to the hearing, but none of these cases point to any language in the rule, case authority, or a rationale for such a requirement. Accordingly, we recede from the language in Burns and Von Zamft indicating that affidavits in opposition to a motion for summary judgment must be filed the day prior to the hearing on said motion and now hold that any counteraffidavit to a motion for summary judgment, in compliance with rule 1.510(c), must be served upon opposing counsel at least one day prior to the hearing on the motion and that the counteraffidavit must be filed with the court prior to the start of the hearing on the motion.
We reverse and remand with directions for the trial court to conduct a new hearing upon GOV's motion for summary judgment, at which hearing the trial court must consider defendants' affidavit.
Reversed and remanded with directions.
CAMPBELL, C.J., and SCHEB, RYDER, DANAHY, SCHOONOVER, LEHAN, FRANK, HALL, THREADGILL, PATTERSON and ALTENBERND, JJ., concur.
NOTES
[1] The defendants withdrew their affirmative defense of payment before the hearing on the motion for summary judgment.
[2] Although the defendants originally filed two counterclaims, they filed a voluntary dismissal of the second counterclaim before the hearing on the motion for summary judgment.
[3] We recognize that the third district, like GOV, has interpreted Siciliano to require counteraffidavits to be filed the day prior to the hearing. See Auerbach v. Alto, 281 So.2d 567 (Fla. 3d DCA 1973), cert. denied, 297 So.2d 31 (Fla. 1974); Hardcastle v. Mobley, 143 So.2d 715 (Fla. 1962).