PER CURIAM.
We have for review Silva v. Hernandez, 595 So.2d 230 (Fla. 3d DCA 1992), based on express and direct conflict with Burton v. GOV Contracting Corp., 552 So.2d 293 (Fla. 2d DCA 1989). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
As to the conflict issue, we agree with the Burton court that Florida Rule of Civil Procedure 1.510(c) only requires that opposing affidavits be served at least one day prior to the day of the hearing. There is no requirement of actually filing the affidavit at a specific time so long as it is filed before the relevant hearing commences, even if filing occurs the same date as the hearing. To this extent, we approve Burton. We quash the opinion under review here and the various cases on which it relied,[1] to the extent they are inconsistent with Burton and this opinion.[2]
*1378 We also note respondent’s argument that the trial court did not consider the affidavit and that even if the affidavit was considered, summary judgment for the respondent was proper. Accordingly, we remand with instructions that the district court shall consider the affidavit as being timely served and filed, and shall determine whether the summary judgment should have been granted. The question of attorney’s fees is not ripe for review and will not be addressed here.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. Hartford Accident & Indem. Co. v. Gillette, 519 So.2d 1059 (Fla. 1st DCA 1988); Auerbach v. Alto, 281 So.2d 567 (Fla. 3d DCA 1973), cert. denied, 297 So.2d 31 (Fla.1974); Hardcastle v. Mobley, 143 So.2d 715 (Fla. 3d DCA 1962).

. Of course, if service will be effected by mail the affidavits must be mailed sufficiently in advance so that the expiration of five days from mailing will be prior to the day of the hearing. See Henry Stiles, Inc. v. Evans, 206 So.2d 65 (Fla. 4th DCA 1968).