**Louis G. NAVELLIER, Appellant,**

v.

**Gerald Kent SHORTZ and Steven Shortz, Appellees.**

**No. 4D15–3441.**

District Court of Appeal of Florida, Fourth District.

Nov. 9, 2016.

Samuel Kornhauser of Law Offices of Samuel Kornhauser, San Francisco, CA, and Lyubov Zeldis of Lyubov Zeldis, P.A., Fort Lauderdale, for appellant.

Lyman H. Reynolds, Jr. and George P. Roberts, Jr. of Roberts Reynolds Bedard & Tuzzio, PLLC, West Palm Beach, for appellee Gerald Kent Shortz.

PER CURIAM.

We affirm the final summary judgment entered on a complaint for defamation. The appellants had claimed that the appellee, or the appellee's son at his direction, had written on a postcard advertising an

investment seminar being conducted by the appellant: "Return to Sender: He's a crook." The postcard was then sent through the mail and delivered to appellant's place of business where his employees would have seen it.

Even prior to the institution of the suit (which was filed just short of the expiration of the two-year statute of limitations [1] ), the appellee had testified in a deposition taken in an unrelated lawsuit that he had not written the statement and he did not recognize the writing as that of his son. More than four years later, the appellant took the son's deposition. The son admitted to writing the statement because he had lost money while using the appellant as an investment advisor. The son was not directed to write the statement by the appellee, and he never told the appellee that he had written on the card. The appellee moved for summary judgment, attaching the deposition transcripts. The appellant filed various documents, none of which were properly verified, and filed no opposing affidavits. The trial court granted summary judgment.

We conclude that summary judgment was appropriately entered where the appellant failed to show that a disputed issue of material fact remained. The sworn deposition testimony showed that the appellee did not write the language on the postcard—his son did. Nor did he know that his son had done so, thus negating the material issue of fact alleged in the complaint that the appellee had published or caused to be published a defamatory statement. The burden then shifted to the appellant to offer some conflicting evidence. The appellant offered no sworn statements or admissible documents to counter the appellee's evidence. "[T]he

party moved against by summary judgment ... must come forward with *facts* contradicting those submitted by the movant and demonstrating a real issue between the parties." *Hardcastle v. Mobley*, 143 So.2d 715, 717 (Fla. 3d DCA 1962) (emphasis added), *abrogated on other grounds, Silva v. Hernandez*, 612 So.2d 1377 (Fla.1993); *see also Page v. Staley*, 226 So.2d 129, 131 (Fla. 4th DCA 1969) (approving summary judgment where defendant sued for slander flatly denied under oath making defamatory statements, and plaintiff had no personal knowledge of the acts of slander, as the "[m]ovant is not required to exclude every other inference from possible other evidence that may be available").

We affirm on the remaining issues without further discussion.

*Affirmed.*

WARNER, GROSS, JJ., and SINGHAL, RAAG, Associate Judge, concur.

---

1. See § 95.11(4)(g), Fla. Stat. (2008). The postmark for the "Return to Sender" was dated December 10, 2008, and suit was filed December 9, 2010. Although the complaint alleged that the appellee or his son, at the appellee's direction, wrote the accusation of appellant being a crook on the postcard, only the appellee was sued initially.