PER CURIAM.
Hartford Accident & Indemnity Company (Hartford) appeals orders granting summary judgment and dismissing its complaint seeking contribution from Travelers Indemnity Company (Travelers) with prejudice. We affirm.
A suit for damages for injuries sustained in a 1978 automobile accident resulted in a $12,200,000 verdict for the plaintiff in 1979.[1] In 1983, a defendant from the initial damages action filed a separate bad faith action against Hartford. Hartford filed a complaint, amended several times, seeking contribution from Travelers and raised as defenses to the bad faith action issues contained in the contribution action. In 1986, the trial court severed Hartford’s complaint against Travelers and entered a judgment in excess of $16,000,000 on the bad faith claim against Hartford. This court affirmed the trial court, finding no jurisdiction to entertain issues regarding the severed contribution action against Travelers. See Hartford Accident & Indemnity Co. v. Gillette, 519 So.2d 1059 (Fla. 1st DCA 1988). Those issues are now presented in this appeal from the final order in the suit against Travelers.
Hartford contends that the trial court erroneously dismissed its amended *560 complaint against Travelers seeking contribution damages. Hartford argues that it is entitled to damages because Travelers (1) is a joint tortfeasor subject to a contribution claim, (2) breached an independent duty of good faith as the primary carrier, (3) entered a post-judgment Mary Carter agreement in bad faith entitling Hartford to equitable subrogation, (4) breached a contractual duty as the primary carrier, (5) failed to endorse under an excess policy by retroactive alteration of policy terms, and (6) did not exhaust its excess policy limits as the primary carrier which should have precluded payment from Hartford’s excess policy. Because of the foregoing, Hartford maintains that it is entitled to a declaratory judgment that Travelers is the primary carrier and a finding that Hartford is entitled to indemnity from Travelers.
Our review of Hartford’s complaint and the record on appeal discloses no ultimate facts supporting a controversy cognizable under Florida law. We find, as the trial court found, that Hartford, a third party insurer not in privity with Travelers, cannot sustain a contribution claim that operates outside the contract. See Cardenas v. Miami-Dade Yellow Cab Co., 538 So.2d 491, 496 (Fla. 3d DCA 1989). Hartford’s claim of equitable subrogation is precluded by the trial court’s finding Hartford in bad faith. The supreme court’s holding in Allstate Ins. Co. v. Fowler, 480 So.2d 1287 (Fla.1985), supports Travelers’ status as the excess carrier under the lease exception, since the trial court previously found that Travelers’ excess policy specifically excluded coverage in the circumstances. We further find Hartford’s remaining claim that Travelers owes a direct duty to Hartford not cognizable under Florida law. See Cardenas at 496. Finally, we find Hartford’s remaining claims without merit.
AFFIRMED.
NIMMONS, BARFIELD and MINER, JJ., concur.

. David Gillette, a minor, etc. v. Jeffrey Alan Hancock, et. al., Circuit Court of Escambia County, Florida, Case No. 79-2888-CA-01.