DANÁHY, Judge.
Dennis C. Brown, appellant, was severely-injured when he was struck by an automobile. The vehicle which struck appellant, a pedestrian, was a rental car driven by Michael Edwards, a client of appellee Goldberg, Rubenstein & Buckley, P.A. (the law firm), who was then seventeen years old.
In this action, appellants seek to hold the law firm and its automobile insurance carrier responsible for the damages sustained by the appellants. Michael Edwards was driving a car rented from Ranker Motors, which had an unwritten agreement with the law firm under which rental vehicles were provided to the firm’s clients and paid for by the firm. The issues in this case concern the nature of the arrangement between the law firm and Ranker Motors. The trial judge, apparently considering these issues not to be in dispute and that they established nonliability on the part of the law firm, rendered a final summary judgment in favor of appellees. We reverse.
We hold that the evidence concerning the arrangement between Ranker and the law firm gives rise to conflicting inferences which require that a jury resolve the issue whether the law firm was in fact a bailee of the automobile and thus liable for damages inflicted by the negligent operation of that automobile by one permitted by the firm to use it. It is settled that a bailee may be held liable for negligent operation of the bailed vehicle by one to whom the bailee gives permission to operate it. That liability rests on the doctrine of dangerous instrumentality and does not require a showing of gross negligence or bad faith on the part of the bailee. Martin v. Lloyd Motor Co., 119 So.2d 413 (Fla. 1st DCA 1960). Appellees vigorously argue that there was no evidence that the law firm actually ever had possession of the vehicle and, absent such possession, the law firm could not be deemed a bailee. We find authority for the proposition that a person for whose benefit a vehicle is rented and who pays the expense thereof can be found to be a bailee of the vehicle. Hertz Corp. v. Ralph M. Parsons Co., 419 F.2d 783 (5th Cir.1969). It may well be that a jury would find, on the evidence, that the law firm was in fact a bailee of the motor vehicle who gave permission for its use by Michael Edwards.
In sum, we find that there exist in this case genuine triable issues and thus the entry of summary judgment was error. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
REVERSED AND REMANDED.
RYDER, C.J., and CAMPBELL, J., concur.