513 So.2d 1084 (1987)
Leon E. TRIBBITT and Barbara Tribbitt, His Wife, Appellants,
v.
CROWN CONTRACTORS, INC., and Ensco, Inc., Appellees.
No. BP-414.
District Court of Appeal of Florida, First District.
September 24, 1987.
J. Clark Hamilton, Jr. of Penland, Penland & Pafford, Jacksonville, for appellants.
William M. Howell of Howell, Liles, Braddock & Milton, Jacksonville, for appellees.
NIMMONS, Judge.
This is an appeal from an order granting summary judgment in favor of defendants, Crown Contractors, Inc. (Crown) and Ensco, Inc. (Ensco). We reverse.
In June 1984, plaintiff/appellant, Leon E. Tribbitt, while riding as a passenger in a car driven by his wife, Barbara, was injured when their car was struck from the rear by a car operated by the defendant, Carol Cobb Jacobs (Jacobs). The car operated by Jacobs was owned by the defendant, Crown, and leased by Crown to defendant, Ensco. Ensco assigned the vehicle to its employee, Joe Brashier, for his business and personal use. Jacobs was Brashier's fiance.
Plaintiffs' complaint sought damages against defendants, Crown, Ensco and Jacobs. Among other things, the answer filed by defendants, Crown and Ensco, alleged that Jacobs operated the motor vehicle without their permission and consent. Jacobs' answer alleged that she was without knowledge as to whether or not permission or consent was given to her regarding the operation of the vehicle.
Subsequently, Crown and Ensco moved for summary judgment on the grounds that the record affirmatively showed that the vehicle was being operated without their "knowledge, permission, consent or authority." This motion was based on two affidavits.[1] In the first affidavit, Robert Green, the President of Crown, stated the following:
During the pendency of the lease, it was anticipated by Crown Contractors, Inc. that the vehicle would be operated exclusively by the employees of Ensco, Inc.

*1085 In fact, page 2 of the Lease Agreement specifically provides as follows:
"OPERATORS: Lessee shall cause the equipment to be operated by competent employees only, and shall pay all expenses of operation."
Crown Contractors, Inc., had no knowledge that the vehicle was used or operated by anyone other than authorized employees of Ensco, Inc. Crown Contractors, Inc. has never consented to or agreed to permit the vehicle to be operated by anyone other than authorized employees of Ensco, Inc.
On June 29, 1984, Defendant, Carol Cobb Jacobs, was operating the vehicle without the knowledge, permission, consent or authority of Crown Contractors, Inc.
The second affidavit was executed by David Childs, Vice President of Ensco. It stated:
Joe Brashier was an employee of Ensco, Inc. on June 29, 1984. He had been authorized to use the company leased vehicle for his business and personal use. He had been instructed as per company policy and as per the terms of the Lease that the vehicle was only to be operated by authorized Ensco, Inc. employees. As with all Ensco, Inc. employees, Mr. Brashier was required to reimburse the company and/or pay for operating expenses incurred in connection with his personal use of the vehicle. During the relevant time period of the Summer of 1984, Ensco, Inc., was not reimbursed for the personal use of the vehicle by Defendant, CAROL COBB JACOBS. In that Ensco, Inc., was paying the lease on the subject motor vehicle and paying for the operating expenses for the vehicle, Defendant Ensco, Inc. was wrongfully deprived of its leasehold interest and use of the motor vehicle it had under lease from Defendant, Crown Contractors, Inc. The unauthorized use of the motor vehicle by Defendant, Carol Cobb Jacobs was inconsistent with and interfered with the leasehold interest of Ensco, Inc. and their right of possession and control.
Ensco, Inc. had no knowledge that the vehicle was used or operated by anyone other than Mr. Brashier, or other authorized employees of Ensco, Inc. Ensco, Inc., had never consented to or agreed to permit the vehicle to be operated by anyone other than Mr. Brashier and other authorized employees of Ensco, Inc.
On June 29, 1984, Defendant, Carol Cobb Jacobs, was operating the vehicle without the knowledge, permission, consent or authority of Ensco, Inc.
Based on the foregoing, the trial court entered summary judgment in favor of defendants, Crown and Ensco. In this the court erred because there remained a genuine issue of fact as to whether or not the driver of the vehicle was guilty of a "species of conversion or theft."
When control of a vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for its use or misuse. Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959). In Susco, a Mr. Salicetti rented an automobile from Susco Car Rental System of Florida, Inc. Under the rental agreement, Salicetti agreed that no one other than himself would drive the automobile without the express consent of the rental agency. The automobile was involved in an accident while being driven by Domingo Gonzalez who had Salicetti's consent but who had never obtained Susco's permission.
The Supreme Court was faced with the question of whether the owner was relieved of responsibility for the damages resulting from the operation of the vehicle by someone other than the person to whom it was rented when such operation was contrary to the express terms of the printed contract as well as verbal instruction at the time of the rental. The Supreme Court, holding Susco liable, stated:
[W]hatever may have been the deviations from this course, the logical rule, and, we think, the prevailing rationale of the cases, is that when control of such a vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for *1086 its use or misuse. The validity or effect of restrictions on such use, as between the parties, is a matter totally unrelated to the liabilities imposed by law upon one who owns and places in circulation an instrumentality of this nature.
* * * * * *
In the final analysis, while the rule governing liability of an owner of a dangerous agency who permits it to be used by another is based on consent, the essential authority or consent is simply consent to the use or operation of such an instrumentality beyond his own immediate control. Only to that limited extent is the issue pertinent when members of the public are injured by its operation, and only in a situation where the vehicle is not in operation pursuant to his authority, or where he has in fact been deprived of the incidents of ownership can such an owner escape responsibility. Certainly the terms of a bailment, either restricted or general, can have no bearing upon that question. (e.s.)
Id. at 835-837. Susco establishes that when an owner has consented to the use of his vehicle beyond his own immediate control, he is responsible for its use or misuse unless there has been a breach of custody amounting to a species of conversion or theft. In order for Crown and Ensco to escape liability in this case, it must be established that a breach of custody had occurred which deprived them of the incidents of ownership.
Crown and Ensco have urged that they should escape liability in this case because the driver, Carol Jacobs, operated the vehicle without their knowledge and consent. It is true knowledge and consent constitute an essential element in establishing liability of the owner and must be proven before the owner can be subjected to liability for damages proximately caused by the negligence of the driver. See Pearson v. St. Paul Fire & Marine Insurance Co., 187 So.2d 343 (Fla. 1st DCA 1966). However, as pointed out in Susco, the essential authority or consent which underlies the dangerous instrumentality doctrine is simply consent to the use or operation of the vehicle beyond the owner's own immediate control. In the present case, there is no dispute that the appellees had given their consent to the use and operation of the automobile beyond their own immediate control. Under Susco, the real issue is whether the owners had in fact been deprived of the incidents of ownership, i.e., whether there had been a breach of custody amounting to a species of conversion or theft.
Thomas v. Atlantic Associates, Inc., 226 So.2d 100 (Fla. 1969) is instructive in this case. In Thomas, Atlantic owned a motor vehicle and allowed Roberts unrestricted use of the vehicle for an indefinite period. While Roberts was on a trip out of town, his 13 year old daughter took, the car keys, which Roberts customarily left on his bedroom dresser when not using the vehicle, and operated the car in such a way as to cause an accident. Summary judgment was entered in favor of defendants, Atlantic and Roberts. The trial judge found that the undisputed facts showed that the automobile was used by the daughter without the express or implied consent of Roberts or Atlantic and that Roberts was not negligent in leaving the keys to the vehicle on his dresser. The Supreme Court quashed the district court's affirmance and held:
In the decision here reviewed, the court simply held that the facts showed that there was no consent, express or implied, on the part of Roberts or the owner to the daughter's use of the car, and no negligence on the part of Roberts in leaving the keys on the dresser. Since it affirmatively appeared that the owner had given its consent to the use or operation of the automobile beyond its own immediate control, the only real issue was whether the owner had "in fact been deprived of the incidents of ownership" or, as stated elsewhere in Susco, there had been a "breach of custody amounting to a species of conversion or theft." Insofar as the decision here reviewed may have failed to take into consideration this question, it is in direct conflict with Susco... .
Id. at 102.
As in Thomas, the trial court in the present case relied upon the fact that the *1087 appellees had never consented to a third party's use of the car. However, as recognized by the court in Thomas, consent as such is not the real issue. The real issue under the facts of this case, like Thomas, is whether a conversion occurred.
The only evidence before the trial court at the time of the hearing on the motion for summary judgment were the affidavits of the president of Crown and the vice president of Ensco. The thrust of the affidavits was that the driver was operating the vehicle without the knowledge and consent of the Crown and Ensco. However, the affidavits failed to eliminate as a genuine issue the question as to whether Jacobs' operation of the vehicle constituted a species of conversion or theft.
Accordingly, the summary judgment entered in favor of the defendants, Crown and Ensco, is REVERSED.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] No opposing affidavits were filed on behalf of the plaintiffs.