PER CURIAM.
Appellant, Independent Fire Insurance Company (Independent) appeals a final summary judgment finding it liable under a settlement agreement. We affirm.
Appellee, Melinda Rogers (Rogers), is the personal representative of an estate. The decedent died in a fire caused by Independent’s insured, on premises insured by Independent.
In her motion for summary judgment, Rogers alleged that her attorney and the attorney for Independent had entered into a settlement agreement for $10,000. She further alleged that relying on that settlement agreement she did not file a cause of action, ultimately allowing the statute of limitations to expire.
Sometime after her motion, but before any hearing, Rogers filed a “notice of filing affidavit” and an affidavit of her attorney recounting the terms and circumstances surrounding the settlement agreement. Three days prior to the scheduled hearing, Independent filed an affidavit by Independent’s attorney alleging that although it initially had offered to settle, Independent considered the offer repudiated by Rogers’ failure to execute the required releases and by her attorney’s demands for discovery of financial information of its insured's estate.
At the hearing, Rogers objected to Independent’s affidavit as untimely because it was mailed three days before the hearing (mailed on a Friday for a Monday hearing). The trial court gave the parties ten days to file memoranda of law on the issue.
Within the ten day period, Independent sought an extension of time within which to serve its previously filed attorney’s affidavit. In support of its motion, Independent asserted that: (1) the affidavit had been timely served by mail three days before the summary judgment hearing; (2) the delay was excusable because its attorney had a death in the family; and (3) the motion for extension of time was timely because the issue underlying the summary judgment had not yet been ruled upon.
The trial court ultimately sustained Rogers’s objection and struck Independent’s affidavit. The trial court then entered a summary judgment in favor of Rogers for $10,000.
*230 We find that the trial court did not abuse its discretion in finding that the affidavit was untimely. See Von Zamft v. South Florida Water Management District, 489 So.2d 779 (Fla. 2d DCA), rev. denied, 494 So.2d 1153 (Fla.1986), receded from in part on other grounds, Burton v. GOV Contracting Comp., 552 So.2d 293 (Fla. 2d DCA 1989); Henry Stiles, Inc. v. Evans, 206 So.2d 65 (Fla. 4th DCA 1968). Accordingly, we affirm.
Affirmed.
BASKIN and GERSTEN, JJ., concur.