585 So.2d 283 (1991)
Jeffrey D. STUPAK, Petitioner,
v.
WINTER PARK LEASING, INC., Respondent.
No. 76495.
Supreme Court of Florida.
September 5, 1991.
David C. Beers of Beers, Jack, Tudhope & Wyatt, P.A., Orlando, for petitioner.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for respondent.
GRIMES, Justice.
We review Stupak v. Winter Park Leasing, Inc., 563 So.2d 1102 (Fla. 5th DCA 1990). The basis for our jurisdiction lies in the fact that the district court of appeal rendered a per curiam decision in reliance upon Kraemer v. General Motors Acceptance Corp., 556 So.2d 431 (Fla. 2d DCA 1989), a case which this Court subsequently accepted for review. Art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla. 1981).
*284 Jeffrey Stupak was injured while riding in a car driven by David Flory. Flory rented the car from Major Rent-A-Car, which leased it from Winter Park Leasing, Inc., under a master lease agreement covering a number of vehicles. Stupak sued Flory, Major Rent-A-Car, and Winter Park Leasing, Inc. The trial court entered summary judgment for Winter Park Leasing, Inc. The district court of appeal affirmed without discussion, citing Kraemer. In Kraemer, the district court of appeal held that the lessor of a vehicle under a long-term lease agreement was not the beneficial owner of the vehicle and could not be held liable for injuries caused when the vehicle was involved in an accident after the lessee loaned the car to a third party.
In an opinion issued after the Fifth District Court of Appeal's opinion in this case, this Court quashed the lower court's decision in Kraemer and held that the lessor could be held liable under the dangerous instrumentality doctrine. Kraemer v. General Motors Acceptance Corp., 572 So.2d 1363 (Fla. 1990). The material provisions of the lease agreements at issue here and in Kraemer are the same.[1] In view of our decision in Kraemer, the lower court's reliance here on the district court of appeal's opinion in that case is in error.
Winter Park Leasing, Inc., argues, however, that the trial court ordered summary judgment due to Flory's "theft or conversion" of the vehicle and that this Court should approve the result reached below on that basis. The rental agreement between Flory and Major Rent-A-Car expired on November 1, p.m., 1987. The accident occurred at approximately 2 a.m., November 2, 1987. The contract specifies that vehicles not returned by the due date are considered theft by conversion. In Susco Car Rental System v. Leonard, 112 So.2d 832 (Fla. 1959), this Court held that, under the dangerous instrumentality doctrine, the owner of a rented vehicle may be held responsible for damages resulting from the operation of the vehicle by someone other than the person to whom it was rented, even though the operation was contrary to the express terms of the rental agreement. The Court went on to observe that "when control of such a vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for its use or misuse." Id. at 835-36.
The question of whether Flory's use of the car beyond the expiration date of the rental agreement constituted a theft or conversion is a genuine issue of material fact which precludes summary judgment in this case. See Tribbitt v. Crown Contractors, Inc., 513 So.2d 1084 (Fla. 1st DCA 1987) (reversing summary judgment for lessor and car owner where issue remained as to whether driver's use of car amounted to theft or conversion). The only evidence before the trial court on this question is conflicting. The rental agreement states that vehicles not returned by the due date are considered theft by conversion. However, the agreement also suggests that the rental company does not treat late returns as thefts or conversions for at least the first twenty-four hours after expiration of the rental term.[2] There are no depositions or affidavits of Flory, Stupak, or any other witness bearing on whether the vehicle had been stolen or converted. As the movant, Winter Park Leasing, Inc., failed to carry the requisite burden for obtaining a summary judgment. American Crime Prevention Corp. v. Computerized Monitoring *285 Serv., Inc., 539 So.2d 1175 (Fla. 5th DCA 1989).
We quash the decision below and remand for further proceedings.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.
NOTES
[1] Both lease agreements prohibited the operation of the vehicle by certain drivers, limited the geographic area in which the car could be operated, and prohibited certain uses of the vehicle. Both leases provided that the agreement was one of leasing only and that the lessee did not acquire any right, title, or interest in the vehicle.
[2] The rental agreement provides:

RENTER agrees that if he has not returned said vehicle to the station from which it was rented within 24 hours after the time and date herein agreed upon for its return, or, if the vehicle is abandoned he will bear all expenses incurred by the Company in attempting to locate and recover said vehicle, and hereby waives all recourse against the Company or any other person reponsbile for RENTER'S arrest and prosecution even though renter may consider such arrest or prosecution to be false, malicious and unjustified.