DAUKSCH, Judge.
This case is before this court on remand from the Supreme Court of Florida. Stupak v. Winter Park Leasing, Inc., 585 So.2d 283 (Fla.1991). The supreme court quashed and remanded for further proceedings our earlier per curiam affirmance in reliance upon Kraemer v. General Motors Acceptance Corp., 556 So.2d 431 (Fla. 2d DCA 1989), a case which the supreme court subsequently quashed, holding that the lessor under a long-term lease agreement could be held liable under the dangerous instrumentality doctrine. Kraemer v. General Motors Acceptance Corp., 572 So.2d 1363 (Fla.1990).
Jeffrey Stupak was injured while riding in a car driven by David Flory. Flory rented the car from Major Rent-A-Car, which leased it from Winter Park Leasing, Inc. under a master lease agreement covering a number of vehicles. The rental agreement between Flory and Major Rent-A-Car expired on November 1, p.m., 1987. The accident occurred at approximately 2 a.m., November 2, 1987. The contract specifies that vehicles not returned by the due date are considered theft by conversion. However, the agreement also suggests that the rental company does not treat late returns as thefts or conversions for at least the first twenty-four hours after the expiration of the rental term. The rental agreement provides:
RENTER agrees that if he has not returned said vehicle to the station from which it was rented within 24 hours after the time and date herein agreed upon for its return, or, if the vehicle is abandoned he will bear all expenses incurred by the Company in attempting to locate and recover said vehicle, and hereby waives all recourse against the Company or any other person responsible for RENTER’S arrest and prosecution even though renter may consider such arrest or prosecution to be false, malicious and unjustified.
Under the dangerous instrumentality doctrine, “only a breach of custody amounting to a species of conversion or theft will relieve the owner of responsibility for [a vehicle’s] use or misuse.” Susco Car Rental System v. Leonard, 112 So.2d 832, 836 (Fla.1959). While the trial court entered summary judgment for Winter Park Leasing, Inc., we find that the question of whether Flory’s use of the car beyond the expiration date of the rental agreement constituted a theft or conversion is a genuine issue of material fact which precludes summary judgment in this case. See Tribbit v. Crown Contractors, Inc., 513 So.2d 1084 (Fla. 1st DCA 1987) (Genuine issue of material fact as to whether use of company car by assignee’s fiancee, in violation of express lease agreement, constituted species of either conversion or theft precluded summary judgment in favor of lessor/owner, and lessee/assignor company in suit arising from automobile accident between plaintiffs and as-signee’s fiancee). There being a genuine issue of material fact, we reverse the judgment and remand for further proceedings.
REVERSED and REMANDED.
COBB and PETERSON, JJ., concur.