611 So.2d 1340 (1993)
Marilyn PERLMAN and Stanley Perlman, Appellants,
v.
FERMAN CORPORATION, Appellee.
No. 92-0004.
District Court of Appeal of Florida, Fourth District.
January 13, 1993.
Rehearing and Clarification Denied January 19, 1993.
Neil J. Berman of Neil J. Berman, P.A., Miami, for appellants.
*1341 Marc Cooper, Sharon L. Wolfe, and Christine M. Ng of Cooper & Wolfe, P.A., Miami, and William Berger of Goldberg & Young, Fort Lauderdale, for appellee.
PER CURIAM.
We agree with appellants, Marilyn and Stanley Perlman, that the trial court abused its discretion in denying their motion for new trial after a jury assessed damages against them in an action for fraud brought by appellee, Ferman Corporation.
Ferman sought damages from the Perlmans based upon Mr. Perlman's alleged fraudulent representation as to the gross profits of the business Ferman purchased from Mrs. Perlman. The business was sold for $120,000, not all of which was paid. Both sides agree that the proper measure of damages is either the difference in the actual value of the business at the time of sale and the value if the alleged representations were true; or, alternatively, the difference in value between the purchase price and the actual value at sale. Martin v. Brown, 566 So.2d 890 (Fla.App. 1990).
At trial the only evidence of value was offered by the Perlmans, and that evidence was based on an absence of fraud and reflected no damage to Ferman in the transaction. The only evidence of damage offered by Ferman consisted of evidence of loss of income for a period of seven years into the future, plus an expert's opinion that the business could be sold at the end of that period for the same price paid by Ferman. Ferman claimed this loss of the future sale as an additional item of damage over and above seven years loss of income. The trial court instructed the jury on the proper measure of damages as set out in Martin v. Brown. Subsequently, the jury returned a verdict of $385,800, a sum equivalent to the seven years loss of income.
Ordinarily, a party would be entitled to a directed verdict where the party claiming fraud fails to adduce evidence that a jury could properly utilize to determine the legal damages, if any, caused by the fraud. However, the Perlmans waived that entitlement by failing to seek a directed verdict on these grounds at trial. But, where the verdict is based upon a misconception of the law or is contrary to the manifest weight of the evidence, a party is still entitled to a new trial. Shaw v. Puleo, 159 So.2d 641 (Fla. 1964). Here, Ferman's only evidence of damage was its loss of gross profits over a period of years and the resale value of the business at the end of seven years. As a matter of law, we hold that this evidence was insufficient to satisfy the damages standards set forth in Martin v. Brown. Hence, the verdict was based upon a misconception of the law and bore no reasonable relationship to the proper measure of damages.
We also reject Ferman's claim that the Perlmans waived their right to a new trial by failing to object to the evidence of gross profits. We do not consider that evidence of gross profits was necessarily improperly admitted. Indeed, evidence of gross profits may well constitute an appropriate factor or consideration upon which an expert appraiser may value a business. Here, however, Ferman's expert never provided opinion or other testimony as to the value of the business, as allegedly falsely represented by the Perlmans, or as it actually existed at the time of sale. As a result the jury was without proper evidence to apply the trial court's instructions on the measure of damages.
Accordingly, we reverse and remand with directions that a new trial be conducted on all issues between the parties.[1]
ANSTEAD and WARNER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] We reject the Perlmans' claim that Mrs. Perlman was entitled to a directed verdict. Our rulings moot the other issues raised. For example, the trial court ruled that the issue of punitive damages would not go to the jury, but, apparently inadvertently, instructed the jury that it could award punitive damages. Because we are reversing on other grounds we need not determine if this instruction also constitutes reversible error. The punitive damages issue may be reconsidered by the trial court on remand.