616 So.2d 1048 (1993)
Byron C. WALLACE and Joann Wallace, his wife, Appellants,
v.
PENSACOLA RENT-A-WRECK, INC., Appellee.
No. 92-1412.
District Court of Appeal of Florida, Fifth District.
March 26, 1993.
Rehearing Denied April 30, 1993.
*1049 Kevin Patrick Bailey, Orlando, for appellants.
E. Peyton Hodges and Hunter A. Hall of Cameron, Marriott, Walsh, Hodges & D'Assaro, P.A., Orlando, for appellee.
PETERSON, Judge.
Appellants, Byron C. Wallace and Joann Wallace, husband and wife, appeal the grant of a summary judgment finding that Pensacola Rent-A-Wreck (PRW) was not responsible for injuries sustained by Byron Wallace in an accident involving a rental automobile owned by PRW because the renter had converted it prior to the accident. We reverse.
On January 19, 1990, a Ms. Justice rented an automobile from PRW and executed a written lease agreement in which she promised that she would not travel more than 125 miles from Pensacola and would return the automobile by noon on January 21, 1990. According to the affidavit of Sam Houston, vice-president and representative of PRW, the rental agreement included the following clause:[1]
11. If rentee violates any part of this agreement or fails to return vehicle on the due back date, or within 24 hours following a written or oral demand to renter by lessor (which demand, if in writing shall be considered delivered 48 hours after mailing of a certified [sic] letter addressed to the residence or business address of renter as shown on the reverse side); renter shall unlawfully have the vehicle and lessor may cause the issuance of warrant for the arrest of renter or any person who has the vehicle.
When Justice failed to return the vehicle on January 21, 1990, Houston attempted to locate Justice but found that her telephone had been disconnected and that she had vacated her residence in Pensacola. On January 23, Houston advised the Escambia County sheriff that the automobile had been stolen. On that same day, Justice telephoned PRW and talked to Houston. Houston informed her that PRW considered the automobile stolen and had reported the theft to the sheriff. PRW's answer to interrogatories indicated that Houston then hung up the phone, and no further phone conversations took place with Justice. However, an affidavit in support of PRW's motion for summary judgment indicated that Justice hung up the phone when Houston told her about the theft report. No further contacts occurred between Justice and PRW.
On January 25, 1990, Justice was killed while operating the rented automobile in the accident in which Byron Wallace was injured in Seminole County. The Wallaces sued PRW as owner of the automobile rented by Justice, but PRW prevailed on its motion for summary judgment, alleging *1050 that Justice was no longer a permitted user at the time of the accident. The issue presented is whether the state of the record at the time summary judgment was granted showed conclusively that Justice's breach of custody had risen to such a level as to constitute a species of conversion or theft depriving PRW of all incidents of ownership prior to the accident resulting in the Wallaces' damages. Susco Car Rental Sys. of Fla. v. Leonard, 112 So.2d 832 (Fla. 1959).
We view Justice's phone call to PRW as an act inconsistent with PRW's theory that she had converted the automobile. Of course, no one can now determine the purpose of the call from the existing record since the call was terminated abruptly. If PRW had continued the conversation with Justice, it may have learned where the automobile could be retrieved or that Justice was in the process of returning the automobile to Pensacola. There is some record indication of this: PRW's counsel stated at the summary judgment hearing that Justice was on her return from a trip to Miami when the accident happened in Seminole County.
The supreme court considered facts similar to the instant case in Stupak v. Winter Park Leasing, Inc., 585 So.2d 283 (Fla. 1991). It held that the question whether the use of the rental car beyond the expiration date of the rental agreement constituted a theft or conversion was a genuine issue of material fact which precluded summary judgment. The court stated:
The only evidence before the trial court on this question is conflicting. The rental agreement states that vehicles not returned by the due date are considered theft by conversion. However, the agreement also suggests that the rental company does not treat late returns as thefts or conversions for at least the first twenty-four hours after expiration of the rental term. There are no depositions or affidavits ... bearing on whether the vehicle had been stolen or converted. As the movant ... failed to carry the requisite burden for obtaining a summary judgment [it was correctly denied].
Id. at 284 (citation omitted) (footnote omitted).
The fact that, at the time of the accident, Justice was operating the rental automobile in excess of 125 miles from Pensacola in violation of the rental agreement cannot support the grant of the summary judgment. The violation of the restriction standing by itself cannot act as a bar to the rights of third parties. See Bowman v. Atlanta Baggage & Cab Co., 173 F. Supp. 282 (N.D.Fla. 1959).
It is true in the instant case that the actions of Justice in terminating her telephone service, vacating her Pensacola residence, failing to return the automobile by the due date, and operating it in Seminole County tend to support the initial premise that she converted the vehicle to her own use. But other facts place the initial premise in such doubt as to preclude a grant of summary judgment on the ground that she had converted the automobile at some stage of her possession: her voluntary telephone call to PRW; the reason for the call; the termination of the call before Houston obtained information about the location of the automobile; and the fact that the accident occurred in Seminole County, a location that tends to support the argument that Justice was in transit from Miami to Pensacola. When the evidence before the court on summary judgment is conflicting or will permit different reasonable inferences, it should be submitted to the jury and summary judgment is precluded.[2]Moore v. Morris, 475 So.2d 666 (Fla. 1985).
The summary judgment is vacated and the case remanded for further proceedings.
VACATED; REMANDED.
*1051 W. SHARP, J., concurs.
GRIFFIN, J., concurs in part, dissents in part, with opinion.
GRIFFIN, Judge, concurring in part; dissenting in part.
I agree that the summary judgment should be reversed because the appellee failed to conclusively demonstrate on the record the absence of any genuine issue of material fact.
I am not prepared to say, however, as the majority appears to, that based on the facts inconsistent with conversion that are of record, appellee can never obtain a summary judgment. The only facts thus far of record are that Ms. Justice made a telephone call to appellee two days after the rental expired and that the accident occurred in Seminole County, but those facts alone will not preclude summary judgment. Once the contract is made part of the record, if appellant cannot adduce any additional evidence, appellee may yet be entitled to summary judgment.
NOTES
[1] Our review of the record indicates that the rental agreement in the instant case was not placed in evidence by either of the parties and that the trial court did not have the opportunity to review it when ruling on the motion for summary judgment.
[2] The dissent interprets our reversal as an indication that summary judgment can never be granted upon remand. Our reversal is based upon the facts existing in the present record before us, not what the respective parties may be able to present in futuro. If sufficient evidence is presented at a subsequent motion for summary judgment, to resolve, exhaust, or develop current factual discrepancies and uncertainties as mentioned in the dissent, the trial judge would be justified in granting summary judgment for the defense based upon the then existing record.