620 So.2d 1138 (1993)
Theodore R. NELSON, Edward Porter, and Edna Gene Davidson, Individually, and as Personal Representatives of the Estate of Jordan Davidson, Deceased, Appellants,
v.
Caron BALKANY, Trustee, Appellee.
Nos. 92-1376, 92-1377.
District Court of Appeal of Florida, Third District.
July 6, 1993.
*1139 Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Arthur J. England, Jr. and Charles M. Auslander, Miami, for appellants.
Paul, Landy, Beiley & Harper and Patrice A. Talisman, Miami, Caron Balkany, Coral Gables, for appellee.
Before HUBBART, FERGUSON and GODERICH, JJ.
PER CURIAM.
Caron Balkany commenced this fraud action as co-trustee on behalf of holders of undivided beneficial interests in land trusts, against the appellants individually and as personal representatives of the estate of the seller. This appeal is brought from a summary judgment entered against the defendants individually and in their representative capacities. We reverse.
A summary judgment should not have been entered against the defendants for a number of reasons, including: (1) a material factual issue was presented on whether the "Office Institutional" zoning obtained satisfied the contractual obligation of the seller to effect a zoning charge from rural residential to "commercial"; and (2) a material issue of fact was presented on whether the appellee sustained any damage owing to discrepancies in two reports of a single surveyor indicating the actual acreage conveyed. A movant for a summary judgment must demonstrate, conclusively, the nonexistence of a genuine issue of any material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Pratt's Office Supplies, Inc. v. Bird Bowl Invs., 565 So.2d 795 (Fla. 3d DCA 1990).
Procedurally, the hearing on the motion for summary judgment, which rested on a theory different from that which was pleaded, was held less than twenty-five days after the filing and mailing of the motion, in violation of rules 1.090(e) and 1.510(c), Florida Rules of Civil Procedure. Additionally, the non-movant had insufficient time to respond to affidavits in support of the summary judgment which were filed only five days prior to the hearing on the motion, in violation of rule 1.510, Florida Rule of Civil Procedure. Both acts were prejudicial. See Independent Fire Ins. Co. v. Rogers, 580 So.2d 229 (Fla. 3d DCA 1991); Mack v. Commercial Indus. Park, Inc., 541 So.2d 800 (Fla. 4th DCA 1989).
Reversed and remanded for further consistent proceedings.