PER CURIAM.
This is an appeal from an adverse summary judgment in a suit to recover unearned insurance premiums from an underwriter and a denial of a motion for rehearing on the same. We affirm in part and reverse and remand in part.
Appellants Perry & Co., Equity Premium, Inc. and Gibraltar Budget Plan, Inc. are all premium finance companies who are in the business of financing insurance for members of the public who are unable to purchase insurance directly from underwriters. The insureds then pay appellants for the insurance on an installment basis. If the insureds fail to make payments when due, appellants have the contractual right to cancel the policies on the insured’s behalf. If this occurs, the underwriter or insurer is obligated to return any unearned premiums to the premium finance company which, in turn, must remit any excess premiums to the insureds. See § 627.848, Fla.Stat. (Supp.1994) On the other hand, the insureds remain liable to the premium finance companies for any shortfalls.
Appellants brought the action below to recover unearned premiums allegedly due from appellee Union American Insurance Co. (“Union”) after appellants purportedly can-celled approximately 94 insurance policies issued by Union. Union answered the complaint and propounded its first request for admissions to appellants individually. When appellants failed to timely answer or object to the request for admissions, Union moved for final summary judgment based upon the deemed admissions. See Fla.R.Civ.P. 1.370. Appellants thereafter sought and were granted relief from the admissions by the trial court. Appellants then filed their respective general denials to Union’s request for admissions except that appellant Perry & Co. did admit that Union had in fact returned unearned premiums for nine of the cancelled policies.
Thereafter, appellants filed their first amended complaint to include claims for unearned premiums on additional cancelled policies.[1] Again, Union answered and propounded its second requests for admission from the individual appellants which varied in nature somewhat from the first set of requests for admissions. In the second request for admissions, appellants were essentially requested to admit that for some of the policies, appellants had received the unearned premiums being sued upon; for other policies, no notice of cancellation had been provided to Union by appellants; and that for still other policies, appellants were actually indebted to Union for shortfalls in the accounts. Appellants again failed to timely answer or object to Union’s second request for admissions and did not otherwise secure relief from the court. Union then moved for final summary judgment on the first amended complaint. The motion was based in part upon the admissions made pursuant to Union’s second request for admissions and based upon an accompanying sworn affidavit. In response, appellants filed and mailed a lengthy counteraffidavit four days prior to the hearing on the motion, one day later than is permitted by Florida Rule of Civil Procedure 1.510(c). The trial court declined to consider appellant’s untimely counteraffidavit and granted Union’s motion for final summary judgment. Appellants filed a motion for rehearing which was also denied by the trial court. This appeal followed.
Appellants correctly concede on this appeal that summary judgment was properly entered against them for those policies which were the subject matter of Union’s second request for admissions. Fla.R.Civ.P. 1.370. Appellants, however, make two arguments on this appeal as to the remaining policies. First, they contend that the trial court abused its discretion when it failed to consider their untimely affidavit where the affidavit created a genuine issue of material fact. Second, they maintain that even in the absence of their counteraffidavit, the entry of summary judgment was nevertheless error where the record disclosed the existence of genuine issues of material fact.
*1038 Based upon our review of the record, we find that it is unnecessary for us to determine whether the trial court’s refusal to consider the untimely counteraffidavit was an abuse of discretion because we agree that even in the absence of the counteraffidavit, the entry of summary judgment was error where Union did not sustain its burden of demonstrating the complete absence of genuine issues of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Nelson v. Balkany, 620 So.2d 1138 (Fla. 3d DCA 1993). We note, for example, that the motion for summary judgment fails to address at least twelve of the subject policies for which appellants claim to have provided Union with notices of cancellation. Given the existence of issues of fact as to unearned premiums on such policies, we find that the entry of final summary judgment was improper.
Affirmed in part and reversed and remanded in part.

. Perry & Co. did not include in the first amended complaint the nine accounts for which they admittedly received payment from Union.