RAMIREZ, J.
This is an appeal from an adverse summary final judgment entered in a personal injury case. The vehicle that appellee, Don L. Leasing Florida L.L.C., owned and leased to a third party was involved in an accident with the appellants, Luis E. Chavez and Martin Chavez. The appellants sued Don Leasing under a theory of vicarious liability in which Don Leasing argued that the lessees had breached the lease agreement and had thereby converted or stolen the vehicle at the time of the accident. The trial court granted summary judgment in Don Leasing’s favor which now argues that there are no disputed issues of material fact. We disagree and conclude that the facts, when viewed in the light most favorable to the nonmoving party, do not establish that the lessees were guilty of conversion or theft of the vehicle, and we, therefore, reverse.
Don Leasing relies heavily on Hertz Corp. v. Jackson, 617 So.2d 1051 (Fla.1993), which reiterated established precedent that “no vicarious liability is imposed on the owner of a vehicle for the negligence of a driver when a vehicle has been obtained without the owner’s consent.” Id. at 1053 (citations omitted). The Florida Supreme Court further explained that:
liability should be determined on the basis of whether there has, in fact, been a conversion or theft of the vehicle prior to the negligence at issue. We hold that once a vehicle has been the subject of a theft or conversion, the owner’s initial consent has been vitiated and the vehicle is no longer on public highways “by authority of’ the owner.
Id. The issue thus revolves around whether the lessees had converted or stolen the vehicle at the time of the accident. A comparison of the facts in the Hertz case with our case makes it clear that summary judgment was improvidently granted.
In the Hertz case, a woman used a fake name and stolen credit card to enter into a two-day rental agreement with Hertz. Hertz promptly sent certified letters in which Hertz demanded the return of the automobile, but the letters were returned as undeliverable. Id. at 1052. Within days, Hertz reported the vehicle as stolen to the police. Id. Eleven days after the Hertz vehicle was reported stolen, the vehicle, operated by an alleged participant in the fraud, was involved in an accident. Id.
In our case, Don Leasing entered into a five year lease and accepted an advance of the first and last payments from the lessee. Within three months, the lessee fell behind in his payments and, when contacted, claimed not to have leased the car. A few weeks later, Don Leasing’s representative learned that the car had been given to the lessee’s son. Thereafter, two more payments were made and accepted.
Contemporaneously with these payment problems, Don Leasing also learned that the insurance on the car had lapsed. In response to letters Don Leasing sent to the lessee, the lessee’s son provided proof of insurance. Don Leasing did not cancel the lease after these breaches. Subsequently, however, the insurance was can-celled because the check used to obtain it had bounced.
On April 18, 2001, without any formal notification to the lessee, Don Leasing decided to repossess the car through a private investigator. Don Leasing made no *629 attempt to contact the lessee. The car was never reported stolen to the police. On May 5, 2001, the car was involved in the accident in which Martin Chavez was injured.
We again quote from Hertz as follows: “[T]he question of whether a vehicle has been the subject of a conversion or theft is a factual one that ordinarily is answered based on the distinct circumstances of each individual case.” Id. at 1054. We cannot agree that the facts of this case support a finding of conversion or theft as a matter of law. We find another Florida Supreme Court case instructive. In Stupak v. Winter Park Leasing, Inc., 585 So.2d 283 (Fla.1991), also involving a long-term lease agreement, the vehicle was involved in an accident one day after the vehicle was to have been returned under the terms of the rental agreement. Unlike our case, the rental agreement provided that failure to return the vehicle by the due date would be considered “theft by conversion.” Id. at 284. The plaintiff, however, was allowed to show that the rental company did not treat late returns as thefts or conversions for at least the first twenty-four hours after the expiration of the rental term. Id. The Florida Supreme Court thus concluded that there was a genuine issue oí a material fact to be tried as to whether there had been a conversion or theft of the vehicle. Id. Likewise, in our case, the course of conduct by Don Leasing of overlooking breaches in the lease agreement, and the way it treated similar breaches with other customers, create an issue of fact regarding whether there had been a conversion or theft of the vehicle.
We therefore reverse and remand.