958 So.2d 423 (2007)
Alfredo MURCIANO, Appellant,
v.
Miguel I. GARCIA and Shelton & Associates Realtors, Inc., Appellee.
No. 3D06-194.
District Court of Appeal of Florida, Third District.
April 18, 2007.
Rehearing Denied June 19, 2007.
Benitez & Associates and Leo Benitez and Lizette Benitez, for appellant.
Stephen J. Finta, for appellee.
Before FLETCHER and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
Alfredo Murciano, the seller under a residential real estate purchase and sale agreement, appeals an adverse summary judgment in an action against him for recovery of a deposit made for the purchase of his residence. Having carefully reviewed the record, we conclude that the buyer, Miguel I. Garcia, failed to carry his burden of demonstrating conclusively the absence of any genuine existence of material fact. Accordingly we reverse.
The law regarding summary judgment is well-established:
[A] party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.
If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.
Moore v. Morris, 475 So.2d 666, 668 (Fla.1985)(internal citations omitted).
For Garcia to prevail on a breach of contract action, he must prove (1) a valid contract; (2) a material breach; and (3) damages. Abbott Labs., Inc. v. Gen. Elec. Capital, 765 So.2d 737, 740 (Fla. 5th DCA 2000). Here, limiting ourselves to an examination of the record as it existed before the trial court, we find the evidence *424 presented by Garcia insufficient to demonstrate the existence of a material breach by Murciano to the exclusion of all other inferences. On the morning the transaction was to close, Garcia declared the seller in default by letter alleging incurable zoning or building code violations. Three weeks later, apparently at the instigation of Garcia, the City of Coral Gables cited Murciano for zoning violations relating to "interior construction, alterations and repairs without approval and permit(s)." Murciano also was cited for "areas below flood grade built out without approval and permits." Murciano in sworn proofs disputes the alleged violations, disputes that they are incurable, and urges that the City did not do an inspection before citing him.
On the facts presently of record, we cannot conclusively find that there is no genuine issue in the record. Summary judgment necessarily is precluded. The conflicting facts in this case should be submitted to a jury. Wallace v. Pensacola Rent-A-Wreck, Inc., 616 So.2d 1048, 1050 (Fla. 5th DCA 1993).
Reversed and remanded with directions.