LEVINE, J.
Appellants were injured in a car accident by a rental car paid for by an employer and authorized for an employee but driven by the employee’s husband. Appellants appeal a summary judgment in favor of the employer finding the employer not vicariously liable for the actions of the employee’s husband. We find that the trial court erred in granting summary judgment because there are material issues of fact in dispute that should be properly submitted to a jury for resolution. We also find that the trial court erred in considering new grounds for summary judgment outlined within a supplemental memorandum of law filed by the employer only three days before the hearing, which did not comport with rule 1.510. Thus, we reverse and remand.
Appellants, Kenneth Adams and Karline Jacques, were injured in an automobile collision with a rental vehicle driven by Anthony Watson. The vehicle was paid for by appellee Bell Partners, which authorized its employee, Rosalyn Watson, to rent the vehicle for business purposes. Mr. Watson is the employee’s husband. Appellants sued Bell Partners under the “dangerous instrumentality” doctrine alleging Bell Partners was vicariously liable because it authorized and paid for Mrs. Watson to rent the vehicle. Bell Partners denied liability alleging that it did not consent to the employee’s husband driving the rental car and that company policy prohibited unauthorized drivers and personal or “non-Bell business” use.
The parties filed cross-motions for summary judgment. The record evidence reveals that Bell Partners owned and operated senior living communities in Florida, Georgia, and South Carolina. Mrs. Watson frequently traveled for her work providing support, education, and training to the company’s senior living communities. Bell Partners would either reimburse her for mileage or pay for a rental vehicle for her. Mrs. Watson would typically rent cars from Hertz, because it was a vendor of Bell Partners. Mrs. Watson did not purchase additional insurance from Hertz because she was told not to during orientation at the company’s corporate office.
Mrs. Watson was never told that she could use the rental car for purposes other than transportation to and from work, although she understood the rental car was to be used for work and work-related purposes. Mrs. Watson stated that her supervisor did not object to her husband driving a rental car to Savannah, Georgia, to attend the funeral of an employee at one of Bell Partners’s communities. On another occasion, Mrs. Watson’s supervisor did not object when her husband drove a rental car to Daytona Beach, so she could work in the car on the way.
In the present case, Mrs. Watson rented the vehicle on a Friday, using a company *1057 credit card, so that she could drive to Port Charlotte on the following Monday. The document received by Mrs. Watson from Hertz listed her and her husband as authorized drivers of the rental car. On Sunday, her husband drove the rental car and got into an accident. By the next day, Mrs. Watson contacted her supervisor to inform him of the accident. According to Mrs. Watson, the supervisor told her that he let his wife drive his rental car all the time. Mrs. Watson spoke to her supervisor again and asked her supervisor to write a letter to Visa stating that the rental car was for “business purposes.” Bell Partners never reprimanded Mrs. Watson for the fact that her husband was driving the rental car.
The record also includes the employer’s travel policy which was issued in 2009 and revised in 2010. The policy states that rental cars “may be rented for Bell business use under the Bell company rental plan.” Two sections of the policy are relevant to this case:
6.3.2 Personal Use Prohibited
Employees may not use the Bell company rental plan when reserving rental cars for personal use. All vehicles rented under the Bell company rental plan are to be used for Bell business only, at all times. Employees may not make any personal use of a vehicle rented for business purposes, and may not permit any personal or non-Bell business use of such vehicle by any other person or persons.
6.3.3 Unauthorized Drivers Prohibited
Only company employees listed on the rental contract may drive a vehicle rented under the Bell Company rental plan. Under no circumstances shall a Bell employee allow a spouse, family member or non-Bell employee, or any other person, to drive a car rented under the Bell company rental plan. Violation of this policy will subject the employee to discipline, up to and including termination for the first offense.
Three days before the summary judgment hearing, Bell Partners filed a supplemental memorandum in support of the motion for summary judgment. In the memorandum, Bell Partners for the first time argued it did not have an “identifiable property interest in the subject vehicle” under ownership or bailment, and that it did not exercise “control” over the vehicle. Its initial motion for summary judgment had argued only that Mr. Watson did not have prior consent or authorization to drive the rental car, that company policy prohibited such use, and that his actions constituted a species of conversion or theft. The trial court granted Bell Partners’s motion for summary judgment finding that it was “undisputed that Bell did not own nor lease nor rent the vehicle involved in the accident.” The trial court entered final judgment in favor of Bell Partners. This appeal follows.
 We review orders on summary judgment de novo. Fla. Atl. Univ. Bd. of Trs. v. Lindsey, 50 So.3d 1205, 1206 (Fla. 4th DCA 2010). “[T]he burden of proving the absence of a genuine issue of material fact is upon the moving party. Until it is determined that the movant has successfully met this burden, the opposing party is under no obligation to show that issues do remain to be tried.” GrayRobinson, P.A. v. Fireline Restoration, Inc., 46 So.3d 170, 172 (Fla. 4th DCA 2010) (quoting Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966)). Thus, “[i]f the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.” Moore v. Morris, 475 So.2d 666, 668 (Fla.1985).
*1058 In this case, appellants asserted that the dangerous instrumentality doctrine and principle of bailment make Bell Partners vicariously liable for Mr. Watson’s operation of the rental car. “Florida’s dangerous instrumentality doctrine imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another.” Aurbach v. Gallina, 753 So.2d 60, 62 (Fla.2000). “Although the term ‘bailment’ is difficult to define concisely, it is generally a contractual relationship among parties in which the subject matter of the relationship is delivered temporarily to and accepted by one other than the owner.” S & W Air Vac Sys., Inc. v. Dep’t of Revenue, 697 So.2d 1313, 1315 (Fla. 5th DCA 1997). “[A] person for whose benefit a vehicle is rented and who pays the expense thereof can be found to be a bailee of the vehicle.” Brown v. Goldberg, Rubenstein & Buckley, P.A., 455 So.2d 487, 488 (Fla. 2d DCA 1984). In response, Bell Partners alleged that Mr. Watson’s driving of the rental vehicle without the prior consent of Mrs. Watson or prior authorization of Bell Partners constituted “a species of conversion or theft” which would relieve Bell Partners from vicarious liability. See Tribbitt v. Crown Contractors, Inc., 513 So.2d 1084, 1085 (Fla. 1st DCA 1987) (‘When control of a vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for its use or misuse.”).
In Brown, the trial court granted a summary judgment finding that the law firm that rented and paid for a car for a client lacked liability. The Second District reversed, finding “authority for the proposition that a person for whose benefit a vehicle is rented and who pays the expense thereof can be found to be a bailee of the vehicle.” 455 So.2d at 488 (citing Hertz Corp. v. Ralph M. Parsons Co., 419 F.2d 783 (5th Cir.1969)). Thus, the court held that summary judgment was inappropriate because “the evidence concerning the arrangement between [the rental company] and the law firm gives rise to conflicting inferences which require that a jury resolve the issue whether the law firm was in fact a bailee of the automobile and thus liable for damages inflicted by the negligent operation of that automobile by one permitted by the firm to use it.” Id
The Florida Supreme Court has likewise expressed that an entity’s status as a “bail-ee” is a question of fact for a jury to resolve. Aurbach, 753 So.2d at 63 (“[W]hether an entity or individual is vicariously responsible as a bailee for the negligent operation of a motor vehicle may be a fact-based inquiry.”). See also Fla. Std. Jury Instr. (Civ.) 401.14(a) (vicarious liability) [1]; 5 Fla. Jur. 2d Bailments § 27 *1059 (“The question of whether a bailment has been established is a question of fact for the trier of fact. The question of due care or negligence by the bailee, and the degree of negligence required to impose liability on the bailee, are also questions of fact.”).
Similarly, “conflicting inferences” are raised when an entity denying vicarious liability raises conversion or theft of the subject vehicle. In Tribbitt, the employer assigned the vehicle to its employee, whose fiancée used the vehicle and subsequently got into an accident. In response to a complaint for damages resulting from the fiancée’s use of the vehicle, the employer claimed that the fiancée used the vehicle without its permission or consent thereby relieving it of responsibility for its use or misuse. The First District reversed the summary judgment for the employer finding that there was a “genuine issue ... as to whether [the fiancée's] operation of the vehicle constituted a species of conversion or theft.” 513 So.2d at 1087. The court recognized that where an owner “consented to the use of his vehicle beyond his own immediate control, he is responsible for its use or misuse unless there has been a breach of custody amounting to a species of conversion or theft.” Id. at 1086.
In the present case, whether Bell Partners is vicariously liable for Mr. Watson’s driving of the rental vehicle requires a “fact-based inquiry” of its status as a “bail-ee.” Aurbach, 753 So.2d at 63; see also 5 Fla. Jur. 2d Bailments § 27; Fla. Std. Jury Instr. (Civ.) 401.14(a). Here, there is evidence that gives “rise to conflicting inferences” which requires a jury to make a determination of facts. See Brown, 455 So.2d at 488. For example, the jury may accept the written policy of Bell Partners as to non-work related usage of rental cars, or conversely the jury could accept the testimony of the prior instances where Mrs. Watson’s supervisor acquiesced to Mrs. Watson’s husband driving rental cars paid for by Bell Partners. Furthermore, like in Tribbitt, Bell Partners could be liable for the use or misuse of the rental car depending on how the jury weighs the remaining issue of Mr. Watson’s alleged conversion. 513 So.2d at 1085-87; see also Thomas v. Atl. Assocs., Inc., 226 So.2d 100 (Fla.1969) (holding that where an employer provided an employee with a company-owned vehicle, a genuine issue of fact existed as to whether the employee’s thirteen-year-old daughter was guilty of conversion or theft when she took the keys and drove the ear without her father’s consent).
Lastly, appellants claim error in the trial court’s consideration of new grounds in support of summary judgment included in Bell Partners’s supplemental memorandum filed three days before the summary judgment hearing that were not previously raised in its motion.
Florida Rule of Civil Procedure 1.510(c) requires that a summary judgment motion “state with particularity the grounds upon which it is based and the substantial matters of law to be argued ... [and be served] at least 20 days before the time fixed for the hearing.” A court errs when it enters summary judgment upon a ground not previously raised in the initial summary judgment motion. See Orange Lake Country Club, Inc. v. Levin, *1060 645 So.2d 60, 62 (Fla. 5th DCA 1994) (reversing summary judgment because the plaintiff did not request such relief and holding that reversal would have been warranted even if summary judgment had been requested because the plaintiffs filing of an “amendment of the statement [of particulars] three days before the hearing, [introducing] a new issue which was relied upon by [him] at the evidentiary hearing and which was held dispositive by the court, does not comply with the 20 day service provision of rule 1.510(c)”); Nelson v. Balkany, 620 So.2d 1138, 1139 (Fla. 3d DCA 1993) (“Procedurally, the hearing on the motion for summary judgment, which rested on a theory different from that which was pleaded, was held less than twenty-five days after the filing and mailing of the motion, in violation of rules 1.090(e) and 1.510(c), Florida Rules of Civil Procedure.”).
In the present case, Bell Partners’s motion for summary judgment asserted only that it could not be liable for Mr. Watson’s operation of the vehicle because it did not grant him consent, that Mr. Watson’s unauthorized use constituted conversion, and that the vehicle was not used for business purposes. In its supplemental memorandum, filed only three days before the summary judgment hearing, Bell Partners raised two new grounds: (1) it “did not have an identifiable property interest in the subject vehicle” because it was not the title owner, lessor, bailor, lessee, or bailee; and (2) it did not have possession of nor exercise dominion or control over the car. The trial court apparently relied upon these new grounds in granting summary judgment in favor of Bell Partners when it found it “undisputed that Bell did not own nor lease nor rent the vehicle involved in the accident.” Because Bell Partners’s memorandum did not comport with rule 1.510(c), the trial court erred in granting summary judgment on the new ground raised in the memorandum. See Orange Lake, 645 So.2d at 62; Nelson, 620 So.2d at 1139.
In summary, we find that the trial court erred in granting summary judgment for the employer, because the employer’s status as a “bailee” and its allegation of Mr. Watson’s conversion create genuine issues of material fact for a jury to resolve. Further, we find the trial court erred when utilizing arguments incorporated in a memorandum filed by Bell Partners in violation of rule 1.510(c). We, therefore, reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

DAMOORGIAN, C.J., and TAYLOR, JJ., concur.

. The Florida Standard Jury Instruction for "Vicarious Liability" states:
On the (claimant’s) claim there is a preliminary issue for you to decide. That issue is:

a. Owner, lessee, or bailee of vehicle driven by another:

whether (defendant) was the [owner] [lessee] [or] [bailee] of the vehicle driven by (driver) [or] whether (driver) was operating the vehicle with the express or implied consent of (defendant). A person who [owns] [is the lessee of] [or] [is the bailee of] a vehicle and who expressly or impliedly consents to another's use of it is responsible for its operation.
[An owner of a vehicle is one who has legal title to the vehicle and who has the right of control and authority over its use.]
[A lessee of a vehicle is one who has leased or rented the vehicle from its owner.]
[A bailee of a vehicle is one to whom the vehicle has been furnished or delivered by [its owner] [a person with authority *1059 over its use] for a particular purpose, with the understanding that it will be returned.]
NOTES ON USE FOR 401.14a
1. The general rules stated above will be appropriate in most cases in which there is an issue concerning the status of a defendant under Florida’s "dangerous instrumentality” doctrine. See generally Aurbach v. Gallina, 753 So.2d 60 (Fla.2000)....