# Third District Court of Appeal

## State of Florida

Opinion filed May 8, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1898
Lower Tribunal No. 13-4086
_____

**Fahed Fayad, M.D.,**
Appellant/Cross-Appellee,

vs.

**University of Miami, etc.,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Parafinczuk Wolf, and Austin Carr and Justin Parafinczuk (Boca Raton); Easley Appellate Practice PLLC, and Dorothy F. Easley, for appellant/cross-appellee.

Isicoff Ragatz, and Eric D. Isicoff and Teresa Ragatz, for appellee/cross-appellant.

Before MILLER, GORDO and BOKOR, JJ.

BOKOR, J.

These competing appeals follow a jury trial finding the University of Miami and University of Miami Hospital (now a branch of the Sylvester Comprehensive Cancer Center) liable for breach of contract against Dr. Fahed Fayad, a radiologist who previously operated his medical practice from the University of Miami Hospital. Dr. Fayad alleged that the University breached its hospital bylaws and committed fraud in the inducement by temporarily closing the hospital and reorganizing it as a branch of Sylvester, subject to different bylaws, without automatically continuing his existing admitting privileges. On appeal, Dr. Fayad challenges the trial court's grant of a directed verdict in favor of the University on the fraud claim. The University cross-appeals the trial court's denial of its motion for judgment notwithstanding the verdict on the breach of contract claim.[1]

A directed verdict or judgment notwithstanding the verdict should be granted only when "no view of the evidence could support a verdict for the nonmoving party." Forbes v. Millionaire Gallery, Inc., 335 So. 3d 1260, 1262–63 (Fla. 3d DCA 2022) (quotation omitted). Examining the direct appeal, the trial court properly granted the motion for judgment notwithstanding the verdict on Dr. Fayad's fraud in the inducement claim. Dr.

---

[1] The parties also raise several secondary issues on appeal and cross appeal that we summarily affirm without further discussion.

2

Fayad presented no evidence of detrimental reliance as to the University's purported fraudulent representations. See Bailey v. Covington, 317 So. 3d 1223, 1227–28 (Fla. 3d DCA 2021) (setting forth the elements of a fraud claim including "consequent injury by the other party acting in reliance on the representation") (citing Lopez-Infante v. Union Cent. Life Ins. Co., 809 So. 2d 13, 15 (Fla. 3d DCA 2002)); Hillcrest Pac. Corp. v. Yamamura, 727 So. 2d 1053, 1055 (Fla. 4th DCA 1999) (same); see also Geico Gen. Ins. Co. v. Hoy, 136 So. 3d 647, 651 (Fla. 2d DCA 2013) ("GEICO argues that the trial court should have granted its motion for directed verdict because Mrs. Hoy failed to establish the damages element of her claim for fraud in the inducement. We agree."); Perlman v. Ferman Corp., 611 So. 2d 1340, 1341 (Fla. 4th DCA 1993) ("Ordinarily, a party would be entitled to a directed verdict where the party claiming fraud fails to adduce evidence that a jury could properly utilize to determine the legal damages, if any, caused by the fraud.").

As to the cross-appeal, Dr. Fayad's breach of contract claims are predicated entirely on the hospital's bylaws and incorporated rules and regulations, which apply to medical staff and admitting physicians. However, these bylaws contain no language obligating the University or hospital to enforce them, afford no rights to physicians adversely affected by the

3

University's policy decisions (including closure of the hospital), and specifically disclaim any intent to be construed as creating a contract between the University or hospital and admitting physicians. It is axiomatic no breach of contract claim exists without first establishing a valid, enforceable contract. See, e.g., Murciano v. Garcia, 958 So. 2d 423, 423 (Fla. 3d DCA 2007) ("[T]o prevail on a breach of contract action, [the plaintiff] must prove (1) a valid contract; (2) a material breach; and (3) damages."). In short, Dr. Fayad failed to present evidence of an enforceable contract, let alone one that was breached, causing him damages.

Accordingly, the trial court correctly granted a directed verdict on the fraudulent inducement claim. And as explained above, based on the evidence presented, on remand, the trial court is compelled to grant directed verdict in favor of the University on the breach of contract claim.

Affirmed in part, reversed in part, and remanded.